DOROTHY TJEPKEMA, as Administratrix of the Estate of HOWARD TJEPKEMA, Deceased, Appellant, v. KARL R. KENNEY, Respondent.—Order, entered March 19, 1968, unanimously modified, on the law, to strike defendant's second and third affirmative defenses and as so modified, affirmed, without costs and without disbursements. In this wrongful death action, brought against a Missouri resident, in rem jurisdiction was obtained over defendant by attachment of his insurance policy under the rule of *Seider* v. *Roth* (17 N Y 2d 111). Such in rem jurisdiction may not be converted to in personam jurisdiction even though defendant proceeds with the defense on the merits. (*Simpson* v. *Loehmann*, 21 N Y 2d 990.) Accordingly, that part of plaintiff's motion praying that defendant's appearance be deemed in personam was properly denied. The $25,000 limitation of damages contained in the Missouri wrongful death statute should not, however, be applied to limit a recovery in the action here although the automobile accident occurred in Missouri and the defendant is a resident of that state. The plaintiff's intestate was a resident of New York, the estate is being administered here and the plaintiff (widow and administratrix) and other distributees (children) are residents here. Under these circumstances, the amount recoverable in this action is not subject to the Missouri statutory limitation. (*Kilberg* v. *Northeast Airlines*, 9 N Y 2d 34, 39–40.) Consequently, the defendant's second affirmative defense should be stricken. The third affirmative defense should also be stricken since it is clear from the record on appeal that the statutory right to maintain a wrongful death action exists in Missouri as well as in New York. Concur — Eager, J. P., McGivern, Markewich and Nunez, JJ.

In the Matter of ANNE BLACK, Petitioner, v. JOHN P. LOMENZO, as Secretary of State of the State of New York, Respondent.— Determination revoking petitioner's license as a real estate salesman, unanimously modified, on the law and in the exercise of discretion, to the extent of reducing the penalty to a six-month suspension, commencing from the date of the order to be entered hereon; and, as so modified, the determination is confirmed, without costs and without disbursements. The enforcement of the revocation of petitioner's license was stayed pending disposition of this article 78 proceeding which was transferred to this court pursuant to CPLR 7804 (subd. [g]). The determination finding petitioner guilty of untrustworthiness is supported by substantial evidence. However, in our opinion, under all the circumstances, the penalty of revocation of petitioner's license was excessive and unduly disproportionate to the offense. In the exercise of the power vested in this court (see *Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37; *Matter of Bovino* v. *Scott*, 22 N Y 2d 214, 216; *Matter of Handel* v. *Gabel*, 22 A D 2d 654; *Matter of McDonnell* v. *Kennedy*, 5 A D 2d 971; *Matter of Nimelman* v. *Kross*, 5 A D 2d 984), we conclude that a suspension for a period of six months is more appropriate and reduce the penalty accordingly. Concur — Eager, J. P., Capozzoli, McNally and Steuer, JJ.