Frederic E. Hammer, J.
In ¡an ¡action to recover damages for personal injuries ¡allegedly sustained in an automobile accident which occurred in the State of Connecticut, the plaintiffs move to strike an affirmative defense that the action is barred by the Connecticuttf no-fault ’ ’ .statute.
On May 27, 1973, ¡an automobile owned by the defendant Dorothea Schule and operated by the defendant James Schule ran into a tree at the Marianapolis Prep 'School located in Thompson, Connecticut. The infant plaintiff was a passenger in the car. Although all parties were and are residents of New York, the defendants claim that the plaintiff was a full-time student at the prep school and that ¡the defendant driver held a Connecticut operator’s license. The car was registered in New York (State. Apparently the defendant James Schule formerly had been a .student in the prep .school 'and on the day of the accident had driven from New York to Connecticut in his mother’s car in order to visit his former classmates.
■Two issues (are presented. The first is whether New York or Connecticut law is to be applied and the second is whether under Connecticut law the instant action is barred.
Our courts, have been struggling to reach clear ¡and workable, rules in the conflicts area since Babcock v. Jackson (12 N Y 2d 473; see Neumeier v. Kuehner, 31 N Y 2d 121, ¡and the cases cited therein). Most of the cases have involved either foreign State guest statutes or foreign State limitations on recovery in wrongful death actions. With respect to the guest statutes, it is now well established that when a passenger anda driver are residents of the same jurisdiction and the car is there registered and insured its law and not the law of the place of accident controls and determines the standard of care which the host owes to Ms guest. (Neumeier v. Kuehner, supra, p. 125; Tooker v. Lopez, 24 N Y 2d 569.) The rationale is ¡that where all parties are nonresidents of the 'State where the .accident occurred that State has no legitimate interest in determining the standard of care the host owes to the guest. Where, however, the host is a resident of the State of occurrence, then that 'State’s policy of protecting such hosts should prevail. *957 In .oases involving limitation in the .amount of recovery, the rule .now appears to be ¡that the law .of the place of residence rather than occurrence will apply, since the predominant interests to be served on the issue of damages :are those of the State containing the .people or estates which will receive the recoverable damages, if ¡any, for their injuries for the decedent’s death. (Thomas v. United Airlines, 24 N Y 2d 714, 724.)
The Connecticut1‘ no-fault ’ ’ statute is not directly analogous to either guest .statutes or wrongful death statutes containing limitation of damages. It is similar to the guest statutes in that it has a provision barring lawsuits under certain circumstances, which provision constitutes a statutory limitation on a common-law remedy. Where it differs is that this limitation is a “ trade off ” for other benefits provided as part of a comprehensive reparations plan. A ¡State which enacts a no-fault insurance plan has .at least as one of its goals a valid public policy of providing redress for victims of automobile accidents without regard to fault. Some other goals would .appear to be a decrease in insurance premiums paid by its residents .and, more important, a decrease in calendar congestion in the courts of the State. The latter two interests would not be affected materially by the application of New York law to a case involving New York residents and a New York registered and insured car. The first goal, that of providing for all injured persons, is a valid legislative interest of a State since it is probable that initial hospitalization .and medical treatment will .be required in the State where the accident occurs. On the other hand, the State of residency has the ¡same legitimate interests .in the amount of damages that it has in wrongful death actions since the person injured will probably return home. An .additional consideration in the present case is that ¡shortly after this .accident a New York no-fault statute became effective in New York. Accordingly, it cannot be said that the public policy of Connecticut is 'at odds with the public policy of this State. Under all the circumstances, it is the opinion of this court that the public policy of Connecticut should prevail ¡since that State has a legitimate .and paramount interest in providing a comprehensive plan for redress of injuries occurring by reason of automobile accidents that take place within its borders.
The next question is whether ¡a defense is stated under the applicable Connecticut statutes. It is provided in subsection (a) of section 38-323 of the Connecticut General Statutes that unless injuries, or damages arising out of an automobile accident exceed specific thresholds “ No cause of action to recover eco *958 nomic loss or non-eoonomic detriment b'ased on negligence arising out of the ownership, maintenance or use of1 a private passenger motor vehice may be maintained against ian owner, registrant, operator or .occupant of a private passenger motor vehicle with respect to which security has been provided as required by this chapter, o;r against any person ior orgianization legally .responsible for his acts or omissions ’ It is provided further in subdivision (b) of that section:
“ The exemption under subsection (a) of a person from liability to pay damages for injury applies only with respect to injury to
“ (1) owners of private passenger motor vehicles with respect to which security is required under this chapter,
“(2) persons entitled to basic reparations benefits from any such owner or his insurer or through the assigned claims plan, and v
“ (3) persons who would be entitled to such benefits hut for section 38-331 or 38-332.” Under this section the defendants would be entitled to an exemption from tort liability provided that the damages do not exceed the threshold and that ‘ ‘ security has been provided as required by this chapter ”.
Section 38-327 contains the mandatory security requirements. With respect to a private passenger automobile owned by a nonresident and not required to be registered in .Connecticut, the owner
“ shall maintain such security in effect continuously throughout the period of its operation, maintenance or use as a motor vehicle within this .state with respect to accidents occurring in this .state.
“ (b) The security required1 by this chapter may be provided by a policy of insurance complying with this chapter issued by or on behalf of an insurer authorized to transact business in this state or, if the vehicle is registered in another state, by a policy of insurance issued by or on behalf of ¡an insurer authorized to transact business in either this state or the sítate in which the vehicle is .registered. ” Neither the complaint nor the answer sets forth any allegations regarding the applicability or inapplicability of the threshold damages. The plaintiffs in their opposing papers state that the threshold was, in fact, exceeded. Accordingly, even if the defense is stated, the court would permit the plaintiffs to amend their complaint to allege compliance with the statutory threshold provisions. The defense, as pleaded, merely states in .a conclusory manner that the action is barred by the Connecticut no-fault statute. Under ¡subdivision (a) of *959 section 38-323, the exemption from liability would not apply unless the defendants had provided security as required by the chapter. Since there is no allegation that the defendants had, in fact, provided such .security, the defense as pleaded is insufficient. Due to the novelty of the defense, however, the court shall permit the filing of an amended answer pleading all facts necessary to establish that the action is barred by section 38-323 of the Connecticut General Statutes. Accordingly, the motion to dismiss the affirmative defense is granted. The plaintiffs are given leave, if so advised, to serve an amended complaint containing allegations showing that the damages sustained exceed the (threshold .amounts set forth in the statute. Such amended complaint may be served within 20 days after the date of service of a copy of the order to be entered hereon. The defendants, within 20 days after the service of such amended complaint or if no such amended complaint is served within 20 days after the last date for its service, may serve an amended answer repleading the defense so as :to allege compliance with subdivision (a) of section 38-323 and section 38-327.