■ Ivone M. Martins, Individually and as Administratrix of the Estate of Joao M. Martins, Deceased, Respondent, v Charles Ford et al., Appellants, et al., Defendant.—In a negligence action to recover damages for loss of consortium, the appeal is from an order of the Supreme Court, Nassau County, dated September 25, 1975, which denied appellants' motion to dismiss the complaint on the grounds (1) that it does not state a cause of action and (2) that another action is pending between the same parties for the same relief. Order reversed, on the law, without costs or disbursements, and motion granted on the ground that another action is pending between the parties for the same relief. We agree with the conclusion of Special Term that the plaintiff, suing individually and as administratrix of the estate of her deceased husband, has a valid claim for loss of consortium (see *Millington v Southeastern Elevator Co.,* 22 NY2d 498). However, it was unnecessary for her to commence a second suit setting forth such a claim in view of the fact that in the first action she seeks identical relief (see CPLR 3211, subd [a], par 4). Damiani, Shapiro and Titone, JJ., concur; Cohalan, J., concurs in the result, with the following memorandum, in which Martuscello, Acting P. J., concurs: I concur to reverse and dismiss the complaint in the second action (for loss of consortium) on the ground that there is presently pending an action between the same parties for the same cause (see CPLR 3211, subd [a], par 4). However, under the factual circumstances at bar, I dissent from the majority position that the plaintiff, suing individually and as administratrix of her deceased husband, would otherwise have a valid and independent claim for loss of consortium. Plaintiff's intestate experienced no conscious pain and suffering. Therefore *Millington v Southeastern Elevator Co.* (22 NY2d 498), which involved a cause of action for loss of consortium of a living husband, has no instant applicability. The wrongful death action was unknown at common law, it is purely a creature of statute. *Millington (supra)* is case law geared to a set of facts which have no analogy to our current situation. If, as in *Sea-Land Servs. v Gaudet* (414 US 573), Martins had lived for an appreciable span after his accident, *Millington* would be an appropriate precedent; as the facts stand, it is not. EPTL 5-4.3 limits the damages in wrongful death actions to the "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought." According to Black's

Law Dictionary (4th ed, p 1288), "pecuniary" means simply "Monetary; relating to money; financial; consisting of money or that which can be valued in money." Of our sister States, 10 have wrongful death statutes which expressly include damages for loss of society (consortium) (see Speiser, Recovery for Wrongful Death, p 216). Yet, despite the lapse of five years from the time of the *Millington* decision in 1968 to the instant tragedy in 1973, our State Legislature has taken no steps to include the *Millington* rationale in the wrongful death statutes; nor is there any present indication that it is considering such a step. In my judgment the question is one for legislative and not judicial consideration.