■ NETTIE TUCKER, as Administratrix of the Estate of WILLIAM TUCKER, Deceased, Respondent, v CITY OF NEW YORK, Appellant.—In an action for wrongful death and conscious pain and suffering, defendant appeals from a judgment of the Supreme Court, Kings County, entered October 22, 1975, upon a jury verdict, which awarded plaintiff $51,500 on the wrongful death claim, and $20,000 on the conscious pain and suffering claim. Judgment, insofar as it is in favor of plaintiff on the cause of action for conscious pain and suffering, affirmed. Judgment, insofar as it is in favor of plaintiff on the cause of action for wrongful death, reversed, on the law, the said cause of action is severed, and new trial granted with respect to the issue of damages only, with costs to abide the event, unless, within 20 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor on the cause of action for wrongful death to $25,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact are affirmed. On a prior appeal in this case, we held that awards of $45,000 for wrongful death and $25,000 for the decedent's conscious pain and suffering over a 29-day period were excessive *(Tucker v City of New York,* 45 AD2d 1051). While the amount awarded following the second trial for the decedent's conscious pain and suffering is still higher than the amount which we indicated on the first appeal was appropriate, we are upholding the said award. In so doing, we are influenced

by the fact that a second jury has indicated its belief that such an amount is not excessive. However, we believe that the amount awarded for the wrongful death cause of action is excessive. Unlike a cause of action for conscious pain and suffering, a cause of action for wrongful death is governed by statute. The damages which can be awarded with respect to a wrongful death claim are limited to the sum deemed "to be fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3). The decedent was 70 years old when he died. Significantly, he had retired from work almost one year earlier. Under the circumstances, the wrongful death award was excessive to the extent indicated herein. Martuscello, Acting P. J., Latham, Margett and Shapiro, JJ., concur; Cohalan, J., dissents and votes to reverse the judgment and grant a new trial as to the issue of damages only, unless plaintiff stipulates in writing to reduce the verdicts on the cause of action for wrongful death to $7,500 and on the cause of action for conscious pain and suffering to $5,000, with the following memorandum: This case was before us on a prior occasion *(Tucker v City of New York,* 45 AD2d 1051). I thought then—and at that time concurred with my colleagues in so declaring—and I think now that the awards were grossly excessive and that the judgment should be reversed, on the law, and a new trial granted on the issue of damages, with costs to abide the event, unless plaintiff stipulates to reduce the wrongful death award to $7,500 and the conscious pain and suffering award to $5,000, in which event, I would affirm the judgment as so reduced.