OPINION OF THE COURT
Sidney Leviss, J.
During the trial of this suit for alleged medical malpractice involving wrongful death, two interesting questions of law were presented to the court for determination. One question was as to whether the plaintiff husband administrator herein be permitted a cause of action for loss of consortium. The other question presented was, if such loss of consortium action is permitted, whether the defendants can offer proof of the remarriage of the husband after the death of his wife in mitigation of damages.
Plaintiff alleges that the decedent wife came under the care and treatment of defendants Doctors Tan and Housman on or about August 27, 1975, when she was admitted to the South-side Hospital, that defendants were negligent and careless in their care and treatment of the decedent, and that their care and treatment was a deviation from accepted medical standards with respect to this patient, and that as a result thereof decedent wife was caused to die on August 31, 1975.
In wrongful death actions, the statutes of the State of New York (EPTL 5-4.3) provide that damages are to be compensation for "pecuniary injuries” suffered as a result of decedent’s death. The courts have defined and interpreted "pecuniary injuries” in many ways, so that until recently in New York there was no cause of action for loss of consortium by a surviving spouse in a wrongful death action.
However, since the Court of Appeals decided the case of Tilley v Hudson Riv. R. R. Co. (24 NY 471) wherein the court permitted children to recover for the loss of parental services in a wrongful death action, this State has been steadily moving towards permitting such a cause of action for loss of consortium in a wrongful death action.
The Appellate Division, Second Department, in Martins v Ford (53 AD2d 887) held that the surviving widow had a valid claim for loss of consortium in a wrongful death action. In Lehman v Columbia Presbyt. Med. Center (93 Misc 2d 539), the court permitted a widow to amend her complaint so as to add a cause of action for loss of consortium in a medical *743 malpractice wrongful death suit. The Appellate Division, First Department, in the latest case reported on the subject in Ventura v Consolidated Edison Co. (65 AD2d 352) permitted the complaint to be amended so as to add a cause of action for loss of consortium on behalf of a decedent’s widow.
In view of today’s realistic recognition of the pecuniary value of the society which a husband and wife provide for each other, and the loss which the surviving spouse would suffer by the death of the other, this court is of the opinion that such loss should be compensated and denies defendants’ motion to strike from the complaint the cause of action for loss of consortium.
The second question presented herein is whether the defendants may be permitted to offer proof of the husband’s remarriage after the death of his wife in mitigation of damages in the loss of consortium action. In actions for wrongful death, damages are measured as of the date of death. The courts in most jurisdictions hold that the remarriage of the deceased’s spouse does not affect the damages. In Luddy v State of New York (30 AD2d 993), the court held that proof of the widow’s remarriage was not competent to mitigate the damages. The Appellate Division, Second Department, in the case of Rodak v Fury (31 AD2d 816, 817) stated that: "It is a firmly established principle that the remarriage of a widow after the death of her husband is not taken into consideration in computing the damages recoverable for the wrongful death of the husband”.
Accordingly, the court finds that the same principles are applicable to a cause of action for loss of consortium in a medical malpractice suit involving wrongful death and defendants will not be permitted to offer any proof with respect to the marriage of the husband after the death of his wife in mitigation of damages.