Annamarie STEPHENS

v.

NORWALK HOSPITAL, et al.

No. 3:00CV998(JBA).

United States District Court,
D. Connecticut.

Aug. 27, 2001.

**37**

Michael A. Calano, Calano & Calano, New York City, Andrew F. Pisanelli, Aydelott, Aydelott & Keenan, Mount Kisco, NY, for Annamaria Stephens.

Frank W. Murphy, Kara A.T. Murphy, Tierney, Zullo, Flaherty & Murphy, Norwalk, CT, for Norwalk Hospital.

Joseph Michael Musco, Pamela Dubret Miller, Smith Ketaineck & Musco, Hamden, CT, for Cardiology Assoc. of Fairfield and Robert Moskowitz.

*RULING ON MOTIONS TO DISMISS*
*[Docs. # 26, 28]*

ARTERTON, District Judge.

Ronald Stephens, a New York domiciliary, passed away on February 15, 1998, as the result of an allegedly negligently caused or undiagnosed heart condition. His widow, plaintiff Annamarie Stephens, also a New York domiciliary, filed this diversity action against defendants Norwalk Hospital, Cardiology Associates of Fairfield ("Cardiology Associates"), both of which are located in Connecticut, and Dr. Robert Moskowitz, a Connecticut domiciliary, for wrongful death and loss of consortium. Defendants have moved to dismiss the complaint as time-barred under Connecticut's statute of limitations. Plaintiff claims that it is New York's statute of limitations that is applicable, under which the action is not untimely.

## BACKGROUND

Defendants treated Mr. Stephens in Connecticut for heart problems from June 15 to June 23, 1995. Mr. Stephens received no further treatment for this condition until May 4, 1997, when he presented to a non-party hospital complaining of chest and back pain, for which surgery was undertaken, following which Mr. Stephens lapsed into a coma. He remained in a vegetative state until his death on February 15, 1998. The cause of death was a dissected aorta, allegedly sustained as a result of defendants' acts or omissions in June of 1995.

On February 10, 2000, Plaintiff filed a verified complaint in the United States District Court for the Southern District of New York. Norwalk Hospital was served with a copy of the summons and complaint on March 22, 2000; Dr. Moskowitz and Cardiology Associates were served on March 28, 2000. The defendants then moved to dismiss for lack of personal jurisdiction. The parties stipulated on May 24, 2000 to withdraw the motions and transfer the action to the District of Connecticut pursuant to 28 U.S.C. § 1406(a) [Doc. # 11].

Defendant Norwalk Hospital then moved for a more definite statement pursuant to Fed.R.Civ.P. 10(b) and 12(e), requiring plaintiff to specify whether she claimed a common law wrongful death action, or, if statutory, under which state's laws [Doc. # 19]. This motion was granted on October 12, 2000 absent objection. Plaintiff subsequently filed an amended complaint asserting a cause of action under Conn. Gen.Stat. § 52–555, Connecticut's wrongful death statute.

## STANDARD

For purposes of these motions to dismiss, the Court accepts as true the material facts alleged by the plaintiff, and draws all reasonable inferences in plain-

tiff's favor. *See Johnson v. Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 250 (2d Cir.2001).

## DISCUSSION

Defendants' current motions to dismiss [Doc. ##26, 28] argue that plaintiff's claims are barred by Connecticut's statute of limitations. According to defendants, notwithstanding the fact that plaintiff's complaint was timely filed under New York's tolling statute,[1] which provides that an action is commenced upon the filing of the complaint, it is untimely under Connecticut's tolling rules, which require service on the defendants before an action is deemed to have "commenced," and Connecticut's law must be applied by this Court sitting in diversity.

Following oral argument on these motions, the Court invited supplemental briefing on the choice of law issue. In her supplemental briefing, plaintiff now concedes that state law rather than federal law governs when the action was commenced[2] and acknowledges that she is time-barred under the Connecticut tolling rules. However, plaintiff argues, this is immaterial because New York's substantive and procedural rules should apply to this action, as the death occurred in New York. Plaintiff also argues that defendants had sufficient contacts with New York to permit exercise of personal jurisdiction over defendants in New York. Defendants respond that this case is controlled by Connecticut substantive and procedural law because "the operative events of which the Plaintiffs [sic] complain occurred in the State of Connecticut." Def. Norwalk Hosp.'s Supp. Reply Br. at 5. Defendants further protest plaintiff's attempt to resurrect the personal jurisdiction issue, arguing that plaintiff is barred by the stipulation pursuant to § 1406(a).

As the Court reads plaintiff's supplemental papers, she now seeks to amend her amended complaint and pursue a cause of action in Connecticut under New York's wrongful death statute. Notwithstanding this late change of course, in the interests of justice, as defendants have been permitted to file supplemental reply briefs addressing this argument, and because the Court concludes that the conflict of laws issue would have been presented even had plaintiff not moved to further amend her complaint, as plaintiff has consistently argued that New York's statute of limitations should apply to this case, the Court considers plaintiff's argument. For the reasons discussed below, after a journey into the "arcane and somewhat opaque world of conflicts of laws," *Fiori v. Oliver,* 1994 WL 669548, * 1 (Conn.Super.Nov. 15, 1994), the Court concludes that Connecticut's statute of limitations should govern.

█ As noted, plaintiff initially argued that the federal tolling rules applied to this diversity case. However, where a federal court adjudicates state law claims, " 'state statutes of limitations govern the timeliness of state law claims', and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations.' " *Diffley v. Allied–Signal, Inc.,* 921 F.2d 421, 423 (2d Cir.1990) (citing *Personis v. Oiler,* 889 F.2d 424, 426 (2d Cir.1989)); *accord Converse v. General Motors Corp.,* 893 F.2d 513 (2d Cir.1990) ("It is well established that the doctrine enunciated in *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), applies to the manner in

---

1. *See* N.Y. C.P.L.R. § 304.

2. Plaintiff originally argued that the federal tolling provision, or alternatively, New York's

statute of limitations, should apply, but now focuses on the applicability of New York law.

which a diversity action is considered commenced for purposes of state statutes of limitations."); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Thus, state law determines not only the applicable statute of limitations, but also whether filing or service of the complaint "commences" an action for tolling purposes. *See id.*

■ The Court's analysis begins with the undisputed principle that a federal court sitting in diversity applies the substantive law of the forum state, *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including its choice-of-law rules, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Unlike the usual diversity case in which this Court applies Connecticut law, this case has an additional wrinkle which first requires the Court to determine whether Connecticut or New York is the "forum state" whose law, including choice of law rules, this Court must apply. Because this case was originally filed in the Southern District of New York and was transferred to this Court, plaintiff argues, New York substantive and procedural law operate as the governing forum law. As will be seen below, the viability of plaintiff's case rises or falls depending on which state's rule on commencement of actions applies, and the Court therefore

must resolve the conflict of laws question presented by the choice between New York and Connecticut law.

■ Applying either New York's or Connecticut's wrongful death statutes, the applicable statute of limitations in this case expired on February 15, 2000, two years from the date of decedent's death. *See* Conn. Gen.Stat. § 52–555(a) (2000) [3]; N.Y. Est. Powers & Trust Law § 5–4.1 (McKinney 2001).[4] However, the definition of when an action is "commenced" for purposes of tolling the statute of limitations differs critically under Connecticut and New York law. Under Connecticut law, statutes of limitation are tolled by actual service on the defendant. *See Raynor v. Hickock Realty Corp.*, 61 Conn.App. 234, 238, 763 A.2d 54 (2000); *Consolidated Motor Lines, Inc. v. M & M Transp. Co.*, 128 Conn. 107, 109, 20 A.2d 621 (1941); *Converse*, 893 F.2d at 515 ("the Connecticut Supreme Court has long adhered to the rule that only actual service upon the defendant will satisfy the state statutes of limitations"). In contrast, New York law, like federal law, provides that statutes of limitation are tolled by filing, as opposed to actual service. *See* N.Y. C.P.L.R. § 304. Because plaintiff's action was filed on February 10, 2001 but Norwalk Hospital was not served until March 22, 2001, and Cardiology Associates and Dr. Mos-

---

**3.** Conn. Gen.Stat. § 52–555 provides in relevant part:

(a) In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, *provided no action shall be brought to recover such damages and disbursements but within two years · from the date of death, and except that no such action may be brought more than five*

*years from the date of the act or omission complained of.*

**4.** N.Y. E.P.T.L. § 5–4.1 provides in relevant part:

1. The personal representative ... of a decedent who is survived by distributees may maintain an action to recover damages for wrongful act, neglect or default which caused the decedent's death against a person who would have been liable to the decedent if the death had not ensued. *Such an action must be commenced within two years after the decedent's death ....*

kowitz were not served until March 28, 2001, the action is timely filed under New York's rule but time-barred under Connecticut's rule.

Deciding whether New York's or Connecticut's tolling rule should be applied by this Court requires the following two-step analysis: First, the Court must determine whether the transferor court, the Southern District of New York, transferred the case pursuant to § 1404(a) or § 1406(a), or, in other words, whether the case was transferred for convenience [5] or because the case was filed in the transferor court "laying venue in the wrong district." [6] If the transfer was pursuant to § 1404(a), the Court must apply New York's choice of law rules to determine whether New York or Connecticut's statute of limitations applies. If, however, the transfer was under § 1406(a), the Court will apply Connecticut's choice of law rules as the forum rule to predict whether the Connecticut Supreme Court would conclude that New York's or Connecticut's statute of limitations applies to this wrongful death action. The Court takes up each issue in turn.

### A. Transfer of venue

In *Van Dusen v. Barrack*, 376 U.S. 612, 637–640, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), the Supreme Court held that where a case is transferred by the defendant pursuant to 28 U.S.C. § 1404(a), the transferee court should apply the law of the transferor forum in order to prevent defendants from forum-shopping. The Court left open the question, later resolved affirmatively in *Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990), of whether the same rationale should apply where the plaintiff seeks a transfer. *Van Dusen*, 376 U.S. at 637–40, 84 S.Ct. 805.

*Ferens* was a personal injury case originally filed in federal district court in Mississippi, where the statute of limitations for personal injury cases was six years. *Ferens*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990). Under Mississippi law, "[a] Mississippi court would rule that Pennsylvania's substantive law controls the personal injury claim but that Mississippi's own law governs the limitation period." *Id.* at 519, 110 S.Ct. 1274. Thus, the case was not time-barred in Mississippi, even though Pennsylvania's two year statute of limitations for personal injury cases had already expired. The Mississippi court had personal jurisdiction over the defendant, and granted plaintiffs' motion to transfer venue to Pennsylvania for the convenience of the parties under 28 U.S.C. § 1404(a). *Id.* at 520, 110 S.Ct. 1274. After the case was transferred, the Pennsylvania district court held that because plaintiffs had initiated the transfer, Pennsylvania's shorter statute of limitations applied and the case was time-barred. *Id.* at 521, 110 S.Ct. 1274. The Supreme Court reversed, holding that although "[o]ur rule may seem too generous because it allows the [plaintiffs] to have both their choice of law and their choice of forum, or even to reward [them] for conduct that seems manipulative," *id.* at 531, 110 S.Ct. 1274, "the transferor law should apply regardless of who makes the § 1404(a) motion." *Id.*

■■ While it is therefore settled that in transfers under § 1404(a) the law of the

---

**5.** Under § 1404(a), a district court has the discretion to transfer "any civil action" to another district, "for the convenience of parties and witnesses."

**6.** 28 U.S.C. § 1406(a) provides that: "[t]he district court of a district in which is filed a case *laying venue in the wrong division or district* shall ... transfer such case to any district or division in which it could have been brought." § 1406(a) (emphasis added).

transferor forum applies, "where a plaintiff moves to transfer a [diversity] case ... so as to cure a defect of personal jurisdiction over the defendant [under § 1406(a) ], the state law of the *transferee* forum governs the action for the purposes of the statute of limitations." *Levy v. Pyramid Co. of Ithaca,* 871 F.2d 9, 10 (2d Cir.1989) (emphasis added); *accord SongByrd, Inc. v. Estate of Grossman,* 206 F.3d 172, 180 (2d Cir.2000), *cert. denied,* 531 U.S. 824, 121 S.Ct. 68, 148 L.Ed.2d 33 (2000) ("[T]he law of the transferor jurisdiction applies ... only if the transferor court has personal jurisdiction." (citations omitted)); *Chaiken v. VV Pub. Corp.,* 119 F.3d 1018, 1030 (2d Cir.1997). Because this rule only applies to actions that could not have been maintained in the original forum, it does not implicate *Van Dusen*'s concern about forum shopping by defendants. *See Levy v. Pyramid Co. of Ithaca,* 687 F.Supp. 48, 52 (S.D.N.Y.1988), *aff'd,* 871 F.2d 9 (2d Cir. 1989). Indeed, application of the law of the original forum state where the forum state lacked personal jurisdiction clearly would create impermissible forum-shopping incentives for plaintiffs, who could file suit in *any* state whose laws the plaintiff considers favorable. *Cf. Ferens,* 494 U.S. at 525, 110 S.Ct. 1274 ("The text of § 1404(a) may not say anything about choice of law, but we think it is not the purpose of the section to protect a party's ability to use inconvenience as a shield to discourage or hinder *litigation otherwise proper.*") (emphasis added).

■ Despite her concession that the transfer in this case was not pursuant to § 1404(a), *see* Pl. Supp. Br. [Doc. # 45] at 2, plaintiff argues in her supplemental briefing that there was a basis for personal jurisdiction over defendants in New York and that this Court should therefore apply the law of New York, *see* Pl. Supp. Br. at 5. However, the simple fact is that the parties here stipulated to transfer under § 1406(a) from the Southern District of New York. By stipulating to transfer pursuant to § 1406(a), plaintiff effectively conceded that venue was "wrong" in New York, see 28 U.S.C. § 1391(a); otherwise, 28 U.S.C. § 1404(a) would have been the appropriate basis for transferring this action. Accordingly, plaintiff will not now be permitted to re-litigate whether the Southern District of New York had personal jurisdiction over defendants, and the Court concludes that as the transfer was under § 1406, Connecticut choice of law is properly applied as the law of the forum.

**B. Application of Connecticut choice of law principles**

■ "Under Connecticut law, statutes of limitations are considered procedural and thus Connecticut's own statute of limitations will usually govern claims asserted in federal diversity cases in Connecticut." *Slekis v. National R.R. Passenger Corp.,* 56 F.Supp.2d 202, 204 (D.Conn.1999) (citing *Feldt v. Sturm, Ruger & Co.,* 721 F.Supp. 403, 406 (D.Conn.1989); *Baxter v. Sturm, Ruger & Co.* 230 Conn. 335, 339, 644 A.2d 1297 (1994) (on certification from the Second Circuit)); *see also Association for Preservation of Freedom of Choice v. Simon,* 299 F.2d 212, 214 (2d Cir.1962).[7] However, the Connecticut Supreme Court has held that where a statute of limitation is so interwoven with the cause of action as

---

**7.** *See also* Restatement (Second) Conflicts of Laws § 142:

(1) An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state.

(2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143.

to qualify the right, rather than simply the remedy, the limitation will be characterized as substantive. *See Baxter*, 230 Conn. at 339–40, 644 A.2d 1297; *Thomas Iron Co. v. Ensign–Bickford Co.*, 131 Conn. 665, 669, 42 A.2d 145 (1945). Essentially, the limitation period will be "characterized as substantive only when it applies to a new right created by statute." *Baxter*, 230 Conn. at 340, 644 A.2d 1297. Thus under Connecticut law, because there is no right to recovery for wrongful death at common law, the statute of limitations provision of the Conn. Gen.Stat. § 52–555, the Connecticut wrongful death statute, "is a substantive element of the right itself." *Ecker v. Town of West Hartford*, 205 Conn. 219, 231, 530 A.2d 1056 (1987) (statute of limitations is substantive and therefore jurisdictional and cannot be waived).

Therefore, applying Connecticut choice of law principles, the Court concludes that the statute of limitations is a substantive element of the wrongful death statute, and that Connecticut courts would therefore apply the statute of limitations, and applicable tolling rules, of the state whose substantive law would apply. Having reached this penultimate determination, the Court finally turns to an analysis of whether the Connecticut Supreme Court would find that Connecticut choice of law rules dictate application of New York's or Connecticut's substantive wrongful death statute.

Although Connecticut has "traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or *lex loci delicti*," the Connecticut Supreme Court observed in *O'Connor v. O'Connor*, 201 Conn. 632, 519 A.2d 13 (1986), that "there are circumstances in which strict application of the *lex loci delicti* rule frustrates the legitimate expectations of the parties and undermines an important policy of this state.

In such circumstances, we have refused to apply the doctrine." *Id.* at 637, 519 A.2d 13 (citations omitted). The court held that in "those cases in which application of the doctrine of *lex loci* would produce an arbitrary, irrational result," the Restatement (Second) of Conflicts of Laws should apply. *Id.* at 645, 519 A.2d 13.

The Restatement (Second) of Conflict of Laws § 175 (1971) provides as follows:

In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular law at issue. *See O'Connor*, 201 Conn. at 652, 519 A.2d 13.

Plaintiff relies on *State of Maryland v. Eis Auto. Corp.*, 145 F.Supp. 444 (D.Conn. 1956), which held that for wrongful death cases, the substantive law of the place of death, rather than the place of the underlying injury, is applicable. However, that decision was rendered under the older *lex loci* rule. In light of the developments in the Connecticut Supreme Court's conflict of laws jurisprudence since 1956, this

Court concludes that the Connecticut Supreme Court would utilize the Restatement analysis as relevant to determine whether the law of the place of injury should be applied here.[8]

In this case, the Restatement factors are virtually in equipoise. Although the underlying tortious conduct allegedly occurred in Connecticut, the harm to the decedent occurred in New York where the injury manifested itself, and the death giving rise to this action also occurred in New York. Thus, the place of injury and the place of conduct giving rise to the injury do not direct an answer. As to domicile of the parties, plaintiff is a New York domiciliary, plaintiff's decedent was a New York domiciliary and the estate is located in New York. Defendants, in turn, are Connecticut domiciliaries. Again, domicile of the parties supports application of either New York or Connecticut law. Finally, the location of the relationship between the decedent and defendants which gives rise to this action was Connecticut.

New York and Connecticut each have interests related directly to which statute of limitations should apply. New York has an obvious interest in the timely administration of estates located within its borders, and in providing for the beneficiaries of such estates under its own rules. *See, e.g., Walkes v. Walkes,* 465 F.Supp. 638, 641 (S.D.N.Y.1979) (forum where estate is administered has strong interest in damages rules applicable to such estates). On the other hand, Connecticut has a strong interest in regulating medical practice within its state as well as protecting its courts and defendants within its borders from stale claims. *See, e.g., Walker v. Armco Steel Corp.,* 446 U.S. 740, 751, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) ("The statute of limitations establishes a deadline after which the defendant may legitimately have peace of mind; it also recognizes that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim. A requirement of actual service promotes both of those functions . . . ."); *Hamilton v. Accu–Tek,* 47 F.Supp.2d 330, 346 (E.D.N.Y.1999) (every state "has a keen interest in regulating conduct by imposing liability for harm occurring within its borders").

Although this is an admittedly difficult question, the Court concludes that if faced with this question the Connecticut Supreme Court would decide that, as far as the application of statute of limitations and tolling provisions to this action is concerned, Connecticut has a more significant interest than does New York in this case. *See* Restatement (Second) Conflicts of Laws § 6 (appropriate analysis compares the states' relative interests in "the determination of the particular issue"). While the harm to plaintiff's decedent manifested itself in New York, that harm was directly related to defendants' underlying tortious conduct in Connecticut and the relation-

---

**8.** Despite the Connecticut Supreme Court's holding in *O'Connor* that *lex loci* applies except where it would produce an arbitrary or irrational result, *see O'Connor,* 201 Conn. at 645, 519 A.2d 13, it has applied the Restatement principles to analyze conflicts of laws even where the use of the place of injury rule would be neither arbitrary nor irrational. *See Williams v. State Farm Mutual Automobile Ins. Co.,* 229 Conn. 359, 641 A.2d 783 (1994) (applying the law of the place of injury where it was clear that application of place of injury rule was not irrational, but reaching that decision through analysis under the *Restatement* rules). However, this is something of a distinction without a difference, as the Restatement analysis expresses a similar preference for the application of the law of the place of injury except where another state has a more significant interest, and thus appears to function as a way to determine whether application of the law of the place of injury would be arbitrary or irrational. *See* Note, *Connecticut's New Approach To Choice of Law: O'Connor v. O'Connor,* 20 Conn. L.Rev. 231, 255–56 (1987).

ship between the decedent and defendants in Connecticut. *See, e.g., Economu v. Borg–Warner Corp.,* 652 F.Supp. 1242, 1248 (D.Conn.) ("Although the injury had impact on plaintiff in Connecticut, it was intimately tied to the employment relationship located in New York and should not dictate the application of Connecticut law.") (citing 1 Restatement (Second) Conflict of Laws § 146; *Saloomey v. Jeppesen & Co.,* 707 F.2d 671, 676 (2d Cir.1983)), *aff'd on other grounds,* 829 F.2d 311 (2d Cir.1987). In addition, the purpose of the statute of limitations and tolling provision at issue here is to protect defendants from stale claims, and Connecticut has a significantly greater interest in application of that rule to defendant domiciliaries than does New York in application of its slightly longer tolling rule to these Connecticut defendants.[9]

A similar result was reached by Judge Mukasey in *Habrack v. Kupersmith,* No. 87 CIV. 4712(MDM), 1988 WL 102037 (S.D.N.Y. Sept. 23, 1988), in which a New Jersey citizen sued a New York doctor for wrongful death based on treatment in New York of the decedent, also a New Jersey citizen. Faced with the issue of whether the action was barred by New York's statute of limitations, the district court determined that because New York's statute of limitations "was designed to

protect doctors such as defendant who are licensed in this state," New York's interest in the application of its law outweighed New Jersey's interest in "seeing that its decedents' affairs are settled quickly, fairly, and authoritatively." *Id.* at *1, 2. Judge Mukasey noted that New Jersey's interests, while "important, do not go to the heart of this lawsuit, a malpractice action arising out of alleged conduct in New York." *Id.* at *2. The Court finds this reasoning persuasive, and concludes that under the circumstances of this case, the Connecticut Supreme Court would determine that Connecticut's interests are more directly and substantially served by the application of its statute of limitations and tolling provisions to this case than would be those of New York, and thus that that court would give effect to its own statute of limitations and deem plaintiff's claims time-barred.[10]

## CONCLUSION

For the reasons discussed above, defendants' Motions to Dismiss [Docs. # 26, 28] are GRANTED.

The Clerk is directed to close this case.

IT IS SO ORDERED.

---

**9.** The Court also notes that, although the Connecticut Supreme Court has not yet adopted the Restatement (Second) Conflicts of Laws provisions as to statutes of limitations, §§ 142 and 143, that analysis yields the same result. The Restatement § 142 provides in relevant part that "(1) An action will not be maintained if it is barred by the statute of limitations of the forum. (2) An action will be maintained if it is not barred by the statute of limitations of the forum, even though it would be barred by the statute of limitations of another state, except as stated in § 143." Section 143 goes on to state that "[a]n action will not be entertained in another state if it is barred in the state of the otherwise applicable

law by a statute of limitations which bars the right and not merely the remedy."

Thus, under these rules, because the action is barred by the Connecticut statute of limitations, the inquiry would stop there under § 142(1). Only if Connecticut permitted the action would the Court need to determine whether the action would be also permitted under New York law.

**10.** Although the Court recognizes that the result of this conclusion is that plaintiff's claims are time-barred, that result does not elevate New York's interests above those of Connecticut.