■ HERBERT PARILIS, as Administrator of the Estate of DAVID B. PARILIS, Deceased, et al., Respondents, v JOYCE FEINSTEIN, an Infant, by Her Father and Natural Guardian, HERBERT FEINSTEIN, et al., Appellants.—In a negligence action to recover damages for the wrongful death of an infant and for his conscious pain and suffering, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered June 21, 1978, upon a jury verdict in favor of plaintiffs in the principal amounts of $50,000 on the cause of action for wrongful death and $25,000 on the cause of action for conscious pain and suffering. Judgment, insofar as it is in favor of plaintiffs on the cause of action for wrongful death, affirmed. Judgment, insofar as it is in favor of plaintiffs on the cause of action for conscious pain and suffering, reversed, on the law, the said cause of action is severed and a new trial is granted with respect to the issue of damages only, with costs to abide the event, unless within 20 days after service upon plaintiffs of a copy of the order to be made hereon, with notice of entry thereof, plaintiffs shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in their favor on the cause of action for conscious pain and suffering to $15,000, and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs or disbursements. No questions of fact as to liability were presented on this appeal. The verdict on the cause of action for conscious pain and suffering was excessive to the extent indicated herein (see *Burger v Long Is. R. R. Co.,* 28 AD2d 871, mot to dismiss app granted 21 NY2d 716). Hopkins, J. P., Suozzi and Gulotta, JJ., concur.

Cohalan, J., dissents and votes to reverse the judgment and grant a new trial limited to the issue of damages only, unless the plaintiffs stipulate in writing to reduce the jury's wrongful death award from $50,000 to $23,910 ($3,910 representing the special damages), with appropriate interest, and also to reduce the award for conscious pain and suffering from $25,000 to $5,000, again with appropriate interest, with the following memorandum: The deceased infant was a 12-year-old boy who suffered fatal injuries on June 5, 1973 when struck by defendants' automobile while he, the infant, was riding on his bicycle. The trial record reveals that the youngster was an average 12 year old. He was in the sixth grade. He was of average intelligence. He evinced no special talents. He was too young to contribute to the support of his family, and there is no evidence in the record that his parents are in financial need. The wrongful death award was excessive. On the issue of wrongful death, the trial court properly charged the jury by saying: "Now, with respect to the first cause of action [wrongful death], the measure of damages is fixed by statute, and is such a sum as the jury deems to be a fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons for whose benefit the action is brought." The key words are "pecuniary injuries". "Pecuniary" is defined (see Webster's New International Dictionary) as: "1. Consisting of money; exacted or given in money; as a primary award * * * 2. relating to money; monetary." The word derives from the Latin *pecuniarius,* originally property or cattle. As I have said before (see dissenting memorandum in *Bell v*

*Cox,* 54 AD2d 920, 921), and will probably say again: "But if consideration is to be given to damages other than pecuniary in wrongful death cases, the change must be effected by the Legislature and not by the courts." Addressing the question of the award for conscious pain and suffering, it is noted that the decedent was conscious for only about one hour and 12 minutes after the accident. To award $25,000 for this short period of time is grossly excessive. As recently as July 29, 1974, in *Tucker v City of New York* (45 AD2d 1051), this court reversed a judgment and ordered a new trial as to damages unless plaintiff stipulated to reduce a jury verdict for conscious pain and suffering from $25,000 to $5,000. There the decedent survived from May 2, 1973 to July 10, 1973, a period of 10 weeks, before succumbing to the injuries which brought about her death. I do not believe that the case at bar warrants greater monetary consideration.