THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK
v. DAVID E. RICHARDS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued January 5—decided March 8, 1945.

*Robert J. Woodruff*, with whom, on the brief, was *Arthur Klein*, for the appellant (plaintiff).

*Lee B. Brooks*, for the appellee (defendant).

BROWN, J. In this action for damages for fraudulent representations, claimed to have been made by the defendant, which induced the plaintiff to make him a loan, the following material facts found are undisputed. Pursuant to the written application of the defendant, which contained the statement that there were no judgments outstanding against him, the plaintiff, relying upon the truth of this representation, on March 23, 1931, loaned him $720, as evidenced by his promissory note. The defendant's statement was untrue, as there were in fact judgments aggregating over $2900 outstanding against him, and it constituted a deliberate and admitted fraud, having been made for the purpose of inducing the plaintiff to grant the loan. December 22, 1931, the plaintiff obtained a judgment in New York against the defendant for the balance of $660 due upon the note, plus $39.50 costs. Seventy dollars only had been paid on this judgment. From March 6, 1931, the date of the defendant's application for the loan, until May, 1942, when he removed to Connecticut, he lived continuously in the state of New York. The present action was instituted May 18, 1943.

Subsection 5 of § 48 of the New York Civil Practice Act provides: "An action to procure a judgment on the ground of fraud [must be commenced within six years after the cause of action has accrued]. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud." Section 1677c of the Cumulative Supplement, 1935, Connecticut General Statutes, provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." The court concluded that the action was barred by the New York statute and that therefore consideration of the applicability of the Connecticut statute was unnecessary. The vital question raised by the plaintiff's appeal is whether the court erred in this conclusion. The record therefore presents two questions for determination: (1) Assuming the six years had run under the New York statute, did that put an end to any right of action in the plaintiff? (2) If it did not, was the plaintiff's right of recovery barred by the running of the Connecticut three-year statute?

In urging his claim that the running of the New York statute had put an end to the plaintiff's cause of action, the defendant concedes that under the general rule applicable in the usual case the law of the forum applies since statutes of limitation relate to the remedy as distinguished from the right. His contention is, however, that this case falls within the exception to this rule, which, he states in his brief, citing 17 R.C.L. 701, § 52, arises "when the cause of action is created by a foreign statute which also fixes a limitation for its assertion." "The limitation is then considered to be a condition of the right, so that no recovery is allowed where recovery would be barred by the law which gives

the right." This principle, which is supported by ample authority, has been stated in a leading case in these words: "The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. . . . Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes, and the limitations of the remedy are, therefore, to be treated as limitations of the right." *The Harrisburg*, 119 U. S. 199, 214, 7 Sup. Ct. 140.

As is manifest from this language, a cause of action to fall within this exception must be one arising under statutes of a foreign jurisdiction which not only create the liability and remedy but impose the limitation thereon as well. See *Thomas Iron Co.* v. *Ensign-Bickford Co.*, 131 Conn. 665, 669, 42 Atl. (2d) 145. This makes clear the difficulty with the defendant's contention. The New York statute, which we have already quoted, neither purports nor can be construed to create either a liability or a remedy. Its context makes clear that it is an ordinary Statute of Limitations for an action of fraud. Nor does the fact that its second sentence provides that the cause of action shall not be deemed to have accrued until the plaintiff's discovery of the fraud, thus rendering the six-year limitation in a sense less inflexible, change its nature. The difference between this statute and one which does create a cause of action is clear. So far as appears, the plaintiff's cause of action sued on is a common-law action for fraud, in the creation of which no statute is involved. Therefore, the running of the New York statute did not and could not terminate its existence but would only bar the remedy in that state. Restate-

ment, Conflict of Laws, § 604. The court was in error in holding to the contrary.

It follows that the only Statute of Limitations applicable in this case is the three-year Connecticut statute relating to actions founded upon tort, § 1677c. To determine its effect in the instant case, § 6022 must also be considered. This provides that in computing the time limited (in § 1677c) "the time during which the party, against whom there may be any such cause of action, shall be without this state, shall be excluded from the computation." Since the defendant first moved into this state in May, 1942, and action was brought May 18, 1943, nearly two years of the statutory period still remained, and the court erred in failing to give the plaintiff the benefit of it. General Statutes, § 6022; *Hatch* v. *Spofford,* 24 Conn. 430, 441; *Waterman* v. *Sprague Mfg. Co.,* 55 Conn. 554, 576, 12 Atl. 240; *Clegg* v. *Bishop,* 105 Conn. 564, 568, 136 Atl. 102; *Coombs* v. *Darling,* 116 Conn. 643, 646, 166 Atl. 70.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.