SOPHIA T. BOHENEK *v.* STANLEY W. NIEDZWIECKI

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 82490

Memorandum filed May 5, 1953.

*Benjamin S. Birnbaum,* of New Britain, and *Cole & Cole,* of Hartford, for the Plaintiff.

*Pelgrift, Dodd, Blumenfeld & Nair,* of Hartford, for the Defendant.

MURPHY, J. The plaintiff on May 25, 1948, brought suit against the defendant to recover for injuries she sustained in Pennsylvania while riding in the defendant's automobile on December 24, 1947. Both parties then resided in New Britain. In November 1949, they married in this state. ·

In his special defense, the defendant claims that under Pennsylvania law the marriage extinguished the cause of action. To this plaintiff has demurred.

Tort actions between husbands and wives are prohibited by law in Pennsylvania except where the wife has been deserted by the husband. Pa. Stat. Ann. (Purdon, Perm. Ed.) tit. 48, §§ 111, 114. As the parties were not married at the time of the injury, the plaintiff was competent to sue the defendant. The question to be determined is whether the subsequent marriage nullified that status.

Such suit could have been instituted in Pennsylvania. If the plaintiff had done so and had obtained judgment against the defendant before the marriage occurred, would the defendant have been permitted to sue to recover the amount of the judgment after the nuptials took place? The Pennsylvania law is silent about abating actions that were proper when instituted.

In actions for tort, the place of injury determines the right of recovery. *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 372; *Gondek* v. *Pliska,* 135 Conn. 610, 613. A tort committed in one state creates a right of action that may be sued upon in another state unless public policy forbids. *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 405; *Orr* v. *Ahern,* 107 Conn. 174, 175. The so-called Married Women's Act of 1877 gave a wife the right to sue her husband for a tort committed upon her and such right of action is not opposed to the public policy of this state. *Brown* v. *Brown,* 88 Conn. 42, 48. It is now § 7307 of the General Statutes.

The statement in the opinion in *Orr* v. *Ahern,* supra, 176, seems pertinent here: "When our court had assumed jurisdiction of a cause of action originating in New York, it was beyond the power of the State of its origin to destroy our jurisdiction of the action. The *locus delicti* determined the existence of the cause of action. The *locus fori* determined the remedy. The place of the injury could not, by legislative or judicial action taken subsequent to our acquiring jurisdiction, take away our jurisdiction over the cause of action which was good when we assumed it, for that would give the place of the injury an extraterritorial right to control litigation here."

The marriage of the parties did not terminate the plaintiff's cause of action.

The demurrer is sustained.