STATE OF MARYLAND ex rel.
THOMPSON et al.
v.
EIS AUTOMOTIVE CORPORATION.
Civ. A. No. 6222.

United States District Court
D. Connecticut, Civil Division.
Oct. 18, 1956.

Frederick S. Moss, New Haven, Conn., James B. Goding, Washington, D. C., for plaintiffs.

Frank E. Callahan, Wiggin & Dana, John D. Fassett, New Haven, Conn., for defendant.

ANDERSON, District Judge.

The plaintiffs, citizens of New York, are suing, as minor children of Walter E. Thompson, the defendant Connecticut corporation which has its factory in Middletown, Connecticut. According to the allegations of the complaint Walter E. Thompson was killed in the State of Maryland on June 29, 1955 as the result of a defective brake cylinder, negligently manufactured by the defendant, which was a part of the mechanism of a truck which struck the car in which the decedent was riding.

This action was commenced on June 28, 1956, and the question involved here is one of conflict of laws and calls for a determination of whether the Connecticut one-year Statute of Limitations,[1] which expired before the suit was brought, or the Maryland eighteen-months Statute of Limitations,[2] which had not expired, is applicable.

■ This court is governed by the conflict of laws rule of the State of Connecticut. Klaxon Co. v. Stentor Electric Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

■ Connecticut, like the majority of the States, follows the rule that the substantive law of the place of the tort will be applied by its courts, but that in matters of procedure the Connecticut courts will apply Connecticut law. Schaefer v. O. K. Tool Co., Inc., 110 Conn. 528, 535, 148 A. 330; Commonwealth Fuel Co. v. McNeil, 103 Conn. 390, 405, 130 A. 794; and Bohenek v. Niedswiecki, 18 Conn. Sup. 296.

■ In this case the alleged negligent act or omission took place in Connecticut and the fatal injury occurred in Maryland. Where, then, for the purpose of considering the substantive law aspect of the foregoing conflict of laws rule, is "the place of the tort"? The defendant urges that the alleged negligent act took place in Connecticut, that therefore both the substantive and procedural law of Connecticut should apply and that in effect there is no real conflict question. In support of this it argues that the Connecticut one year limitation statutes both for wrongful death and personal injury caused by negligence start running, not from the date on which the victim suffered death or injury, but from the date of the negligent act or omission. Dincher v. Marlin Firearms, 2 Cir., 198 F.2d 821. I am of the opinion, however, that these limitation statutes were not intended to be statutory enactments of a Connecticut conflict of laws rule, nor do they enunciate a public policy of Connecticut which would be damaged or rendered nugatory by the application of the substantive law of a foreign state. As the fatal injury took place in Maryland, the substantive law of Maryland will apply. Restatement Section 377, 391; Commonwealth Fuel Co. v. McNeil, supra, 103 Conn. at page 405, 130 A. at page 800; Hunter v. Derby Foods, 2 Cir., 1940, 110 F.2d 970, 133 A.L.R. 255; Anderson v. Linton, 7 Cir., 178 F.2d 304, 308; West-

1. "Sec. 3230d. Actions for injuries resulting in death. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages * * * together with the cost of reasonably necessary medical, hospital and nursing services, and *including* funeral expenses, provided

no action shall be brought to recover such damages and disbursements but within one year from the neglect or fault complained of." 1955 Supplement to the General Statutes, Revision of 1949, State of Connecticut.

2. " * * * and that every such action shall be commenced within eighteen months after the death of the deceased person." Section 4 of Article 67 of the Maryland Code.

ern Newspaper Union v. Woodward, D.C., 133 F.Supp. 17, 23; Jeffrey v. Whitworth College, D.C., 128 F.Supp. 219, 221; Smith v. Piper Aircraft Corp., D.C., 18 F.R.D. 169, 171 note 4; and Komlos v. Compagnie Nationale Air France, 2 Cir., 209 F.2d 436; Id., D.C., 111 F.Supp. 393.

Statutes of limitation of general application standing by themselves are treated as procedural matters and the ordinary rule is that the Connecticut limitation applies to suits on foreign rights brought in Connecticut. Morris Plan Industrial Bank of New York v. Richards, 131 Conn. 671, 42 A.2d 147. But there is an exception, among other exceptions to this, which Connecticut follows and that is that where suit is based on a foreign statutory right and the foreign statute closely identifies the right with its limitation, which qualifies the right, the limitation thereby becomes a part of the substantive right. The Connecticut courts adopt and follow such foreign limitation in dealing with the substantive right with which it is identified. Thomas Iron Co. v. Ensign-Bickford Co., 131 Conn. 665, 42 A.2d 145; Morris Plan Industrial Bank of New York v. Richards, supra. For a full discussion of the doctrine see Bournias v. Atlantic Maritime Co., 2 Cir., 220 F.2d 152; Goodwin v. Townsend, 3 Cir., 197 F.2d 970.

Connecticut does not appear to adopt the view that notwithstanding the rule

honoring limitations built into foreign statutory rights the forum's limitation applies where it is shorter than the foreign limitation. White v. Ratner, 9 Conn.Sup. 399; Thomas Iron Co. v. Ensign-Bickford Co., supra, 131 Conn. at page 669, 42 A.2d at page 146.

In the instant case the Maryland statute with its limitation qualifies under the Connecticut rule as a right and limitation which are inseparable, the latter qualifying the former.

The defendant further argues that Section 2 of Article 67 of the Maryland Code calls for the application of Connecticut law in this case.[3] This section provides that when a plaintiff comes to a Maryland court with a cause of action based upon a foreign wrongful death statute the substantive law of the foreign jurisdiction shall be applied by Maryland courts. Smith v. Bevins, D.C., 57 F. Supp. 760, 762. The use in Section 2 of the words "wrongful act, neglect or default" is not sufficient to support the conclusion that because Connecticut is the place of alleged negligent manufacture this court should use the substantive law of Connecticut. Such a conclusion is contrary to the main body of tort law. Restatement, Section 377, 391 and cases cited supra. The meaning of these words becomes clear from an examination of Section 3 of Article 67 [4] which is explanatory of Section 2. Section 3 provides that persons who are "entitled to bring suit under the laws of the juris-

3. "In any action instituted in the Courts of this State where it shall appear that the death of a person has been caused by the wrongful act, neglect or default of a vessel or of another person, firm, or corporation, and such wrongful act, neglect, or default shall have occurred outside of the State of Maryland, whether in another State, the District of Columbia or territory of the United States, the Courts of this State shall apply the law of such other state, District of Columbia or territory of the United States, to the facts of the particular case, as though such foreign law were the law of this State, provided, however, that the rules of pleading and procedure effective in the Court of this State in which the

action is pending govern and be so applied as to give effect to the rights and obligations created by and existing under the laws of the foreign jurisdiction in which the wrongful act, neglect or default occurred; provided, however, that nothing in this section shall apply to causes of action arising prior to June 1, 1937." Section 2 of Article 67 of the Maryland Code.

4. "In all actions instituted in the courts of this State under Section 2 of this Article, the proper person to bring the action shall be determined by applying the following rules:

"(a) Any person who is entitled to bring suit under the laws of the jurisdiction wherein the wrongful death oc-

diction wherein the wrongful death occurred may bring suit in Maryland". It also refers to "the laws of the State wherein the wrongful death occurred" and to "the jurisdiction where the cause of action arose". It therefore appears that the words of Section 2 refer to suits brought in Maryland on the wrongful death act of another jurisdiction where a fatal injury has occurred. Smith v. Bevins, supra.

"[4] Sec. 2 clearly indicates that the Maryland legislature intends that the Maryland courts shall apply the substantive law of the jurisdiction where the cause of action arose. This is in accord with the general rule 'that all matters pertaining to the substantive right of recovery under a wrongful death statute, including the right to recover, the nature of the right, and the party in whom it is vested, are governed by the law of the state *where the injury resulting in death occurred.*' Betts v. Southern R. Co., 4 Cir., 71 F.2d 787, 789." Kaufmann v. Service Trucking Co., D.C., 139 F.Supp. 1, at page 5. (emphasis added)

In his dissent in Dincher v. Marlin Firearms Co., 2 Cir., 198 F.2d 821, at page 827, Judge Frank states:

"The phrase 'act or omission' is a conventional synonym for 'injury or neglect' and has long been used in referring to tortious conduct."

Another reason that Section 2 does not apply to this case is that it applies to "action[s] instituted in the Courts of this State [Maryland]". The substantive law applicable to this action in Connecticut is Article 67, Sections 1 and 4, Maryland Code.

The first count of the present action is not barred by the Statute of Limitations and the Motion for Summary Judgment is denied.

Dated at New Haven, Connecticut, this 18th day of October, A.D.1956.

---

curred may bring suit in Maryland, upon proof of his qualifications and authority.

"(b) If the laws of the State wherein the wrongful death occurred provide for suit to be brought in the name of the State, District or Territory, as the case may be, then suit may be brought in Maryland in the name of this State on behalf of the beneficiaries protected under the foreign statute.

"(c) The provisions of this section shall not in any way be construed to apply to actions in which service of process can be obtained in the jurisdiction where the cause of action arose or where the plaintiff resides." Section 3 of Article 67 of the Maryland Code.