WILLIAM L. BAXTER *v.* STURM, RUGER
AND COMPANY, INC.
(14881)

PETERS, C. J., BORDEN, NORCOTT, KATZ and PALMER, Js.

Argued June 2—decision released July 26, 1994

*William C. Longa,* with whom was *Beverly Stauffer Knapp,* for the appellant (plaintiff).

*Robert L. Danaher,* for the appellee (defendant).

PETERS, C. J. The sole issue in this appeal, on certification from the United States Court of Appeals for the Second Circuit, is whether Connecticut law treats a foreign statute of repose as substantive or procedural for choice of law purposes. The plaintiff, William L. Baxter, filed a product liability action in the United States District Court for the District of Connecticut, alleging that the defendant, Sturm, Ruger and Company, Inc., was liable for the injuries received by his son, Andrew T. Baxter, from the accidental discharge of a weapon made by the defendant. The District Court granted the defendant's motion for summary judgment on the ground that the plaintiff's claims were time-

barred. The plaintiff appealed to the Second Circuit Court of Appeals, arguing that the District Court had improperly held that the Oregon statute of repose governed his claims. The Second Circuit Court of Appeals, sua sponte, certified the choice of law question to this court,[1] which we accepted pursuant to General Statutes § 51-199a and Practice Book § 4168.[2] We conclude that statutes of repose, such as Oregon Revised Statutes (ORS) § 30.905 (1),[3] are indistinguish-

---

[1] The Second Circuit Court of Appeals certified the following question to this court: "Is a statute of repose, such as Oregon Revised Statutes § 30.905 (1), properly considered substantive for choice of law purposes under Connecticut law?"

The initial order certifying the question was dated December 16, 1993. The question was revised to this final form in an order amending opinion dated December 21, 1993. *Baxter* v. *Sturm, Ruger & Co.*, United States Court of Appeals for the Second Circuit, Docket No. 93-7375 (December 21, 1993).

[2] General Statutes § 51-199a provides in relevant part: "(b) The supreme court may answer questions of law certified to it by . . . a court of appeals of the United States . . . when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

"(c) This section may be invoked by an order of [the court of appeals of the United States] upon the court's own motion or upon the motion of any party to the cause.

"(d) A certification order shall set forth: (1) The questions of law to be answered; and (2) a statement of all facts relevant to the questions certified and showing fully the nature of the controversy in which the questions arose. . . ."

Practice Book § 4168 provides in relevant part: "[CERTIFIED QUESTIONS FROM FEDERAL COURTS]——IN GENERAL

"The supreme court may answer questions of law certified to it by . . . a court of appeals of the United States . . . when requested by the certifying court if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state."

[3] Oregon Revised Statutes § 30.905 provides: "TIME LIMITATION FOR COMMENCEMENT OF ACTION

"(1) Notwithstanding ORS 12.115 or 12.140 and except as provided in subsection (2) of this section and ORS 30.907, a product liability civil action

able from statutes of limitation for purposes of choice of law characterization and, accordingly that, under the established rule in Connecticut for statutes of limitation, ORS § 30.905 (1) should properly be characterized as procedural.

The record certified by the Second Circuit Court of Appeals provides the following facts. In 1990, the plaintiff's son was shot in the abdomen when the plaintiff's firearm accidentally discharged. The firearm had been designed and manufactured by the defendant in Connecticut.[4] In 1968, the firearm had been shipped to a distributor in Oregon, where it was purchased and given to the plaintiff, an Oregon resident.

On August 31, 1991, the plaintiff initiated a product liability action against the defendant in the District Court. The defendant raised several affirmative defenses to the complaint, including the assertion that the plaintiff's claims were time-barred under ORS § 30.905 (1), which is a statute of repose. Each party moved for summary judgment on that issue.

In the District Court, in the Second Circuit Court of Appeals, and in this court, the parties have acknowledged that the proper characterization of ORS § 30.905 (1) is dispositive of the defendant's motion for summary judgment. If the statute is substantive, as the District Court held, it governs this litigation and bars the plaintiff's claims.[5] The absence of clearly controlling Con-

---

shall be commenced not later than eight years after the date on which the product was first purchased for use or consumption.

"(2) Except as provided in ORS 30.907, a product liability civil action shall be commenced not later than two years after the date on which the death, injury or damage complained of occurs."

[4] The defendant is a Delaware corporation with corporate offices in Connecticut.

[5] The Oregon Supreme Court has ruled that subsection (2) of ORS § 30.905 is subordinate to subsection (1). See *Sealey* v. *Hicks,* 309 Or. 387, 392, 788 P.2d 435, cert. denied, 498 U.S. 819, 111 S. Ct. 65, 112 L. Ed. 2d 39 (1990). Since the action was filed in 1991, more than eight years after the firearm

necticut precedents on this question of characterization persuaded the Second Circuit Court of Appeals to seek our guidance by way of certification.

Our analysis of the certified question can best be pursued by considering three underlying issues: (1) under Connecticut law, what are the criteria that determine whether a statute of limitation is procedural or substantive for choice of law purposes; (2) for what purposes does Connecticut law distinguish between statutes of limitation and statutes of repose; and (3) for choice of law purposes, does Connecticut law distinguish between statutes of limitation and statutes of repose? This analysis leads us to conclude that, under Connecticut law, ORS § 30.905 (1) should be characterized as procedural and, therefore, that the plaintiff's claim is not time-barred.

I

Connecticut law has well developed criteria that determine whether a statute of limitation is procedural or substantive for choice of law purposes. "[U]nder the general rule applicable in the usual case . . . statutes of limitation relate to the remedy as distinguished from the right." *Morris Plan Industrial Bank* v. *Richards,* 131 Conn. 671, 673, 42 A.2d 147 (1945). "It is undisputed that, as a principle of universal application, remedies and modes of procedure depend upon the lex fori." *Thomas Iron Co.* v. *Ensign-Bickford Co.,* 131 Conn. 665, 668, 42 A.2d 145 (1945); see also *Morris Plan Industrial Bank* v. *Richards,* supra, 673. On the other hand,

---

was purchased in 1968, the action would be time-barred by the eight year statute of repose contained in subsection (1).

If ORS § 30.905 (1) were to be treated as procedural, on the other hand, then General Statutes § 52-577a would apply and the plaintiff's complaint would be timely. The complaint was brought within the three year limitation period prescribed by § 52-577a (a), and the defendant concedes that the repose provision in subsection (c) of that statute does not apply in this case.

"if the limitation is so interwoven with . . . the cause of action as to become one of the congeries of elements necessary to establish the right, that limitation goes with the cause of action wherever brought." *Thomas Iron Co.* v. *Ensign-Bickford Co.,* supra, 669.

Under our law, proper characterization of a statute of limitation, therefore, requires a determination of whether the limitation is directed at the cause of action " 'so specifically as to warrant saying that it qualifie[s] the right.' " *Thomas Iron Co.* v. *Ensign-Bickford Co.,* supra, 131 Conn. 670, quoting *Davis* v. *Mills,* 194 U.S. 451, 454, 24 S. Ct. 692, 48 L. Ed. 1067 (1903). If so, the limitation is characterized as substantive, and the lex loci applies. *Morris Plan Industrial Bank* v. *Richards,* supra, 131 Conn. 673–74. Otherwise, the limitation merely qualifies the remedy rather than the right, it is characterized as procedural, and the lex fori applies. Id., 673; *Thomas Iron Co.* v. *Ensign-Bickford Co.,* supra, 669.

A limitation period is considered "one of the congeries of elements necessary to establish the right," and therefore characterized as substantive, only when it applies to a new right created by statute. *Thomas Iron Co.* v. *Ensign-Bickford Co.,* supra, 131 Conn. 669; see *Morris Plan Industrial Bank* v. *Richards,* supra, 131 Conn. 674. In such circumstances, "[t]he time within which the suit must be brought operates as a limitation of the liability itself *as created,* and not of the remedy alone." (Emphasis added.) *The Harrisburg,* 119 U.S. 199, 214, 7 S. Ct. 140, 30 L. Ed. 358 (1886) (involving action for wrongful death, which did not exist at common law); *Morris Plan Industrial Bank* v. *Richards,* supra, 674. Thus, for the limitation period of the lex loci to apply, the underlying right upon which the lawsuit is based must not have existed at common law. Otherwise, the limitation period established by the lex fori governs. *Morris Plan Industrial Bank*

v. *Richards,* supra, 674 (common law fraud action); *Thomas Iron Co.* v. *Ensign-Bickford Co.,* supra, 670 (worker's compensation statute codifying negligence action).

The present case involves product liability claims. Oregon recognized product liability actions at common law. See, e.g., *Kearney* v. *Montgomery Ward & Co.,* 55 Or. App. 641, 644, 639 P.2d 682 (1982); see also *Forsyth* v. *Cessna Aircraft Co.,* 520 F.2d 608, 610 (9th Cir. 1975). In oral argument before this court the defendant conceded that, if ORS § 30.905 (1) were a statute of limitation, the *Thomas Iron Co.* rule would apply and ORS § 30.905 (1) would properly be characterized as procedural.

## II

Acknowledging that the Connecticut rule for statutes of limitation would not support its motion for summary judgment, the defendant claims that statutes of repose, such as ORS § 30.905 (1), are always substantive. Undoubtedly, statutes of repose differ in some respects from statutes of limitation. "While statutes of limitation are sometimes called 'statutes of repose,' the former bars right of action unless it is filed within a specified period of time after injury occurs, while 'statute[s] of repose' [terminate] any right of action after a specific time has elapsed, regardless of whether there has as yet been an injury." Black's Law Dictionary (6th Ed. 1990) p. 927; see also *Trustees of Rowan Technical College* v. *Hammond Associates,* 313 N.C. 230, 234 n.3, 328 S.E.2d 274 (1985). We must therefore consider for what purposes Connecticut law has distinguished between statutes of limitation and statutes of repose.

In several cases in which Connecticut case law has characterized statutes of repose for domestic law purposes, this court has looked to the comparable law for statutes of limitations. A salient example is the case

law under General Statutes § 52-577a, which is a statute of repose because the rights that it delimits can expire "before an individual has been injured and the cause of action has begun to accrue." *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 583, 512 A.2d 893 (1986); see also *Prokolkin* v. *General Motors Corp.*, 170 Conn. 289, 297, 365 A.2d 1180 (1976); *Vilcinskas* v. *Sears, Roebuck & Co.*, 144 Conn. 170, 175, 127 A.2d 814 (1956). Analogizing to the law governing statutes of limitation, we have characterized § 52-577a as procedural for purposes of its retroactive application; *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 525–26, 562 A.2d 1100 (1989); and for purposes of article first, § 10, the open courts provision of the Connecticut constitution. *Daily* v. *New Britain Machine Co.*, supra, 582–86. As a matter of domestic law, therefore, the characterization of a statute of repose as procedural or as substantive is governed by the same test that applies to statutes of limitation.

### III

We recognize that the Restatement (Second) of Conflict of Laws cautions against an automatic transfer of characterizations from domestic law into conflict of laws. In § 7, comment d, illustration 3, the Restatement advises that a court "should not hold [a statute] procedural merely because it has previously been so characterized in [a] local law context . . . unless it is convinced that the policy underlying the distinction between substance and procedure in choice-of-law dictates such result." We must decide, therefore, whether reasons of policy support characterizing a repose statute as procedural or substantive for choice of law purposes in accordance with the rules that we have developed for statutes of limitation.

Whether they take the form of statutes of limitation or of statutes of repose, time constraints on the initia-

tion of product liability actions serve the important public policy of preventing the litigation of stale claims. See, e.g., *Daily* v. *New Britain Machine Co.*, supra, 200 Conn. 584; *Prokolkin* v. *General Motors Corp.*, supra, 170 Conn. 297; *Vilcinskas* v. *Sears, Roebuck & Co.*, supra, 144 Conn. 174–75. "If a person is to be sued for negligence, the claim that he is liable should, in fairness, be brought to his attention soon enough after the claimed act of negligence to permit witnesses to be available for his defense." *Vilcinskas* v. *Sears, Roebuck & Co.*, supra, 175; *Daily* v. *New Britain Machine Co.*, supra, 584. This policy both promotes fairness to defendants and helps to ensure the reliability of the fact-finding process. "For example, some of the evidentiary problems that may arise in connection with trying cases involving older products include the fact that an older product is more likely to have undergone misuse or alteration since manufacture, the possibility that a jury may inappropriately apply a standard reflecting subsequent technological development when assessing liability, and the fact that witnesses and documents may be difficult to obtain. See Martin, 'A Statute of Repose for Product Liability Claims,' 50 Fordham L. Rev. 745, 747–48 (1982)." *Daily* v. *New Britain Machine Co.*, supra, 583.

The defendant maintains, however, that the policies effectuated by statutes of repose differ fundamentally from those served by statutes of limitation. The defendant relies on decisions of courts in other jurisdictions that have held statutes of repose to be substantive because, in their view, unlike statutes of limitation, statutes of repose operate as a grant of immunity serving primarily to "relieve potential defendants from anxiety over liability for acts committed long ago"; *Goad* v. *Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987), cert. denied, 487 U.S. 1218, 108 S. Ct. 2871, 101 L. Ed. 2d 906 (1988); see also *Raithaus* v. *Saab-Scandia*

*of America,* 784 P.2d 1158, 1160–61 (Utah 1989). We are unpersuaded that such a difference in policy exists.

This court has long held that "[i]t is consonant with the purpose of protecting defendants against stale claims that the legislature should enact a statute . . . which may on occasion bar an action even before the cause of action accrues." *Vilcinskas* v. *Sears, Roebuck & Co.,* supra, 144 Conn. 175. We have acknowledged that legislatures enact statutes of repose in furtherance of " 'the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown potential liability'; *Johnson* v. *Star Machinery Co.,* 270 Or. 694, 701, 530 P.2d 53 (1974)." *Daily* v. *New Britain Machine Co.,* supra, 200 Conn. 582. It is clear, however, that this rationale applies to statutes of limitation as well. Whether seen as a sanction imposed on plaintiffs who sleep on their rights or as a benefit conferred upon defendants to reduce the risk and uncertainty of liability, statutes of limitation and statutes of repose serve the same public policy of avoiding the litigation of stale claims.

To bolster its policy argument, the defendant relies, as did the District Court, on a number of additional cases from other jurisdictions. In *Wayne* v. *Tennessee Valley Authority,* 730 F.2d 392, 401–402 (5th Cir. 1984), cert. denied, 469 U.S. 1159, 105 S. Ct. 908, 83 L. Ed. 2d 922 (1985), a statute of repose was held to be substantive, for choice of law purposes, "[b]ecause the date of injury is not a factor used in computing the running of the time period, and such statutes typically do not have tolling provisions . . . ." *Wayne*'s test for distinguishing between procedural and substantive statutes is one that we have not applied in the past and we decline to do so now. In our view, the fact that a statute of repose may bar a claim before the cause of

action has accrued does not form a basis to distinguish it from a statute of limitation for choice of law purposes.[6]

Our conclusion that Connecticut law makes no distinction, for choice of law purposes, between statutes of limitation and statutes of repose finds support in a number of Connecticut District Court cases. Before the present case, the United States District Court for the District of Connecticut had consistently followed the *Thomas Iron Co.* rule when characterizing statutes of repose under our choice of law rules. See, e.g., *Feldt* v. *Sturm, Ruger & Co.,* 721 F. Sup. 403, 406 (D. Conn. 1989) (applying foreign statute of repose because foreign statute forming basis of lawsuit created liability unknown at common law); *Kelley* v. *Goodyear Tire & Rubber Co.,* 700

---

[6] The defendant also cites numerous other cases compiled in 4 American Law of Products Liability (3d Ed. 1987) § 46.35 n.70. These cases may be organized into two categories according to the nature of the choice of law rule involved. In the first category of cases, the applicable choice of law rule requires the forum court to apply the characterization of the courts of the state that enacted the statute of repose. See, e.g., *Walls* v. *General Motors, Inc.,* 906 F.2d 143, 145–46 (5th Cir. 1990) (under Mississippi law, the Oregon Supreme Court's ruling that ORS § 30.905 is substantive is controlling for Mississippi choice of law purposes); see also *Crouch* v. *General Electric Co.,* 699 F. Sup. 585, 590–91 (S.D. Miss. 1988). In oral argument before this court, the defendant conceded that under Connecticut choice of law rules we are not bound by the Oregon Supreme Court's ruling that ORS § 30.905 is substantive. See *Sealey* v. *Hicks,* 309 Or. 387, 393–95, 788 P.2d 435 (1990). Rather, we must characterize the statute according to our own choice of law rules. Therefore, the cases in the first category are inapplicable.

The second category is comprised of cases holding that statutes of repose are substantive per se for choice of law purposes. See, e.g., *Thornton* v. *Cessna Aircraft Co.,* 886 F.2d 85, 87–88 (4th Cir. 1989) (citing *Goad* v. *Celotex Corp.,* supra, 831 F.2d 510–11, and *Wayne* v. *Tennesse Valley Authority,* supra, 730 F.2d 402); *White for White* v. *Winnebago Industries, Inc.,* 718 F. Sup. 1429, 1431–32 (N.D. Iowa 1989) (same); *Boudreau* v. *Baughman,* 322 N.C. 331, 339–40, 368 S.E.2d 849 (1988) (same). Professor Weintraub relies on similar cases for his position that statutes of repose are substantive. See R. Weintraub, Commentary on the Conflict of Laws (3d Ed. 1986) § 3.2C2, p. 58 and n.50. As stated earlier in this opinion, we reject the arguments on which these cases rely.

F. Sup. 91, 93 (D. Conn. 1987) (Connecticut would classify § 52-577a as procedural for choice of law); *Habenicht* v. *Sturm, Ruger & Co.,* 660 F. Sup. 52, 55–56 (D. Conn. 1986) (characterizing foreign statute of repose as procedural); *Mikulis* v. *Olin Corp.,* United States District Court for the District of Connecticut, Docket No. B-80-456, slip op. p. 6 (March 25, 1983) (same); *Bowman* v. *Sturm, Ruger & Co.,* United States District Court for the District of Connecticut, Docket No. B-82-393, slip op. p. 5 (January 26, 1983) (same); see also *Brown* v. *Merrow Machine Co.,* 411 F. Sup. 1162, 1164 (D. Conn. 1976); *Mizell* v. *Welch,* 245 F. Sup. 143, 144 (D. Conn. 1965). Although the ultimate responsibility for interpreting Connecticut law lies with this court; see General Statutes § 51-199 (a); the concurrence of most of our federal court colleagues strengthens our conviction that our conclusion is sound.

We are persuaded, therefore, that our conclusion that statutes of repose are to be analyzed, for choice of law purposes, by the same test that governs statutes of limitation, is consonant with the Restatement's admonition. Although domestic law precedents are a useful point of reference, we are not simply importing the characterization of domestic law cases into the choice of law context. Rather, recognizing the basic similarity in the policies served by statutes of limitation and statutes of repose, we are persuaded that it is appropriate to use the same analytic test to determine whether such statutes are procedural or substantive. See, e.g., *Jones Destruction, Inc.* v. *Upjohn,* 161 Conn. 191, 195–96, 286 A.2d 308 (1971) (citing *Morris Plan Industrial Bank* in characterizing a statute for retroactivity purposes).

## IV

We therefore hold that statutes of repose, like statutes of limitation, are neither substantive nor proce-

dural per se for choice of law purposes. In any given case, the characterization of the applicable statute of repose depends on the nature of the underlying right that forms the basis of the lawsuit. If the right existed at common law, then the statute of repose is properly characterized as procedural because it functions only as a qualification on the remedy to enforce the preexisting right. If, however, the right is newly created by the statute, then the statute of repose is properly characterized as substantive because the period of repose is so integral a part of the cause of action "as to warrant saying that it qualifie[s] the right." *Davis* v. *Mills,* supra, 194 U.S. 454; *Thomas Iron Co.* v. *Ensign-Bickford Co.,* supra, 131 Conn. 670. Applying this test in the present circumstances, we conclude that, in light of the common law origin of the law of products liability, ORS § 30.905 (1) is procedural and the plaintiff's cause of action is not time-barred.

The certified question asked: "Is a statute of repose, such as Oregon Revised Statutes § 30.905 (1), properly considered substantive for choice of law purposes under Connecticut law?" Our answer is: No.

No costs will be taxed in this court to either party.

In this opinion the other justices concurred.