[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is defendant's motion for summary judgment. The motion should be denied.
The facts at the center of the case are undisputed. Randy White, a 14-year old resident of Tennessee, was killed on Oct. 11, 1993, while hunting in Tennessee, when a rifle manufactured by the defendant, Marlin Firearms, a Connecticut corporation, accidentally discharged, striking the boy in the chest.
On Oct. 11, 1994, the plaintiff, Randy White's mother, filed a lawsuit against Marlin Firearms in Tennessee under the Tennessee Product Liability Act, alleging that the rifle was defective. The defendant filed a motion for summary judgment on Aug. 4, 1995, on the grounds that Tennessee's "statute of repose" had expired. The court granted the motion on Nov. 22, 1995 and dismissed the plaintiff's cause of action with prejudice.
On Oct. 18, 1995, prior to the dismissal of the claim by the CT Page 9830 Tennessee court, the plaintiff commenced the present case in Connecticut, alleging violation of Connecticut's Product Liability Act and adding an additional count for negligent infliction of emotional distress and loss of parental consortium. The defendant filed a motion for summary judgment in the Connecticut court on June 6, 1996, claiming that this action must be "dismissed on the grounds of res judicata as the final judgment on the merits in Tennessee bars the plaintiffs claims." On July 15, 1996, the plaintiff filed a memorandum in opposition to the motion.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06.
"[S]ummary judgment is an appropriate vehicle for raising a claim of res judicata." Joe's Pizza, Inc. v. Aetna Life CasualtyCo., 236 Conn. 863, 867 n. 8.
"Under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. . . . The judicial doctrine of res judicata express[es] no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest. . . . The doctrine of res judicata [applies] . . . as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction . . . and promotes judicial economy by preventing relitigation of issues or claims previously resolved." (Citations omitted; internal quotation marks omitted.) Id., 871-72.
In Advest Inc. v. Wachtel, 235 Conn. 559, the Court drew from the Restatement (Second) of Judgments (1982) and Restatement (Second) of Conflict of Laws (1971) for general propositions of the CT Page 9831 common law concerning the preclusive effect of judgments from other states. The Court's reliance on the Restatements is of long standing on this issue, as the Court reiterated at the beginning of its analysis. "[W]e generally are guided by the principles of res judicata as articulated in the Restatement." Advest v. Wachtel,
supra, 235 Conn. 567 n. 7.
Citing Connecticut case law, the Court stated the traditional common law rule concerning judgments based on statutes of limitations. "Although a judgment based on the running of the statute of limitations bars the plaintiff from bringing an action to relitigate the claim within the jurisdiction, it is not a judgment on the merits and does not erase the plaintiff's claim. . . . A judgment that is not on the merits will be recognized in other states only as to issues actually decided." Id., 566. "[A] judgment based upon the running of the statute of limitations has the effect of precluding the claim in the rendering state. . . . Nevertheless, this preclusive effect is not necessarily applicable in a forum other than the rendering state." Id., 567 n. 7. Whether a party is precluded from maintaining an action to enforce the claim in another state depends on whether "the courts of the other state would apply the [rendering state's] statute of limitations under the rule of [the Restatement (Second) of Conflicts of Law] § 142." Id., 567-68.
The Court explicitly holds that "whether a final judgment in this state based upon the statute of limitations bars the maintenance of an action in the forum state that has a longer statute of limitations depends upon the forum state's choice of law." Id., 569.
The res judicata effect of a state judgment is determined by reference to the rendering state's preclusion law when an issue has actually been litigated and decided. Morabito v. Wachsman,191 Conn. 92, 99. The rule concerning the preclusive effect of a procedural bar, however, is determined by the second forum's choice of law. Advest, Inc. v. Wachtel, supra, 235 Conn. 569.
The defendant argues that Tennessee's statute of repose is substantive rather than procedural, and thus the judgment was predicated on substantive law. In support of this, it cites two cases that decide that Tennessee's statute of repose is substantive. Wayne v. Tennessee Valley Authority, 730 F.2d 392
(5th Cir. 1984), cert. denied, 469 U.S. 1159, 105 S.Ct. 908,83 L.Ed.2d 922 (1985); Myers v. Hayes Intern. Corp., 701 F. Sup. 618
CT Page 9832 (M.D. Tenn. 1988). Distinguishing statutes of repose from the more traditional statutes of limitations, the district court in Tennessee surveyed other cases that had considered the characterization of statutes of repose, and found that "[o]f the courts which have considered this issue, however, the clear majority has held that statutes of repose are substantive." Myersv. Hayes Intern. Corp., supra, 701 F. Sup. 623.
The Connecticut Supreme Court, however, characterized statutes of repose associated with product liability statutes as procedural in Baxter v. Sturm, Ruger Co., 230 Conn. 335. In that case, the Court was answering a certified question from the Second Circuit as to how Connecticut would characterize a product liability statute of repose from Oregon, to determine whether the district court, sitting in Connecticut, should apply Oregon's statute of repose or Connecticut's. The Supreme Court specifically declined to apply the test used in Wayne v. Tennessee Valley Authority, supra, which defendant in the present case also relies on, to distinguish between procedural and substantive statutes. Baxter v. Sturm,Ruger Co., supra, 230 Conn. 344. Instead, the Court applied the same test used with statutes of limitations, whether the underlying right that forms the basis of the lawsuit existed at common law. "[I]n light of the common law origin of the law of products liability," the Connecticut court found the Oregon statute of repose procedural. Id.
The analytical approach of Advest determines that whether a foreign judgment based on a procedural rule bars the claim in Connecticut depends on Connecticut's choice of law rules. Advest,Inc. v. Wachtel, supra, 235 Conn. 569. Under the test outlined inBaxter, a statute of repose applied to a products liability cause of action is procedural. Since the Tennessee judgment was based on Tennessee's statute of repose, the claim is not barred in Connecticut.
The Tennessee judgment is not res judicata as to the claims alleged in this action in Connecticut.
Accordingly, the defendant's motion for summary judgment is denied.
Ronald J. Fracasse, Judge CT Page 9833