[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The complaint in this matter alleges that on December 5, 1996, one Genevieve Sauve, apparently a citizen of Quebec, was injured in an automobile accident in the province of Quebec. According to the laws of the province, Sauve was compensated by the plaintiff organization. The accident was allegedly the fault of the defendant Jean Gervais, who, according to the summons, lives in Hartford, Connecticut. The complaint seeks damages from the defendant in the amount that the plaintiff was obligated to pay to Sauve. The complaint alleges that the plaintiff is entitled by law to pursue subrogation actions such as this.
The defendant has included in his answer a special defense alleging that the action is barred by Connecticut's applicable statute of limitations, § 52-584 of the General Statutes. In a reply, the plaintiff responded that the applicable statute of limitations is § 83-61 of the Automobile Insurance Act of the Province of Quebec. The defendant has moved for summary judgment on the ground that the action is barred by the statute of limitations.
The rubric regarding the disposition of summary judgment motions is well known. Summary judgment shall be granted if "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 4239 moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which makes a difference in the outcome of the case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990). The moving party has the burden of showing the absence of any genuine issue of material fact and that he is entitled to judgment; if the burden is initially satisfied, the non-moving party has the burden of producing evidence showing a material issue. Hammer, supra, 578-79. The evidence must be viewed in the light most favorable to the non-moving party. Connecticut Bank and Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 780-81 (1991).
The positions of each of the parties are quite straightforward. Both agree that the statute of limitations established by the law of the province of Quebec is three years[1] and the applicable statute of limitations of the state of Connecticut is two years.[2] The defendant maintains that the statute of limitations is procedural and governed by the law of the forum; the plaintiff claims that an analysis of substantial contacts, as mandated in cases such as O'Connor v. O'Connor, 201 Conn. 632
(1986), compels the conclusion that the law of the province of Quebec ought to be applied and, in any event, claims that the limitation is so intertwined with the right that the limitation is substantive, and thus controlled by the law of the place of the accident. Both parties seem to agree that the plaintiff subrogee has assumed the same rights and obligations as the victim Sauve, and that this case is governed by the statute of limitations which she would have bound by. See, e.g., Orselet v.DeMatteo, 206 Conn. 542, 546-47 (1988).
Ordinarily, statutes of limitations are considered procedural and the law of the forum applies. "[U]nder the general rule applicable in the usual case . . . statutes of limitation relate to the remedy as distinguished from the right." Morris PlanIndustrial Bank v. Richards, 131 Conn. 671, 673 (1945). "It is undisputed that, as a principle of universal application, remedies and modes of procedure depend upon the lex fori." ThomasIron Co. v. Ensign-Bickford Co., 131 Conn. 665, 668 (1945). But "if the limitation is so interwoven with . . . the cause of action as to become one of the congeries of elements necessary to establish the right, that limitation goes with the cause of action wherever brought." Thomas Iron Co., supra, 669. See alsoBaxter v. Strum, Ruger Co., 230 Conn. 335 (1994).
The question as to whether the limitation is inseparable with CT Page 4240 the rights[3] is, in the case at hand, largely academic. If the statute of limitations of the jurisdiction of the place of injury is shorter than that of the forum state, and the limitation is inseparable from the substantive right asserted, then the foreign limitation may bar the action even if the statute of limitations of the forum state would allow the action.[4] This is so not so much because of a resolution of a conflicts of law question, but rather because, conceptually, the person asserting the right is unable prove the element of timeliness. Where the foreign limitation is longer than the forum statute, however, an entirely different set of considerations apply.
The position of the Restatement[5] is quite clear: the forum state is to apply its own statute of limitations if its own statute bars the claim; it should also apply its own statute permitting the claim unless a state with more significant contacts has a statute of limitations which bars the claim. Restatement (Second) Conflict of Laws § 143. It is quite apparent that, in our case, Quebec has the more significant contacts under any of the traditional tests; see O'Connor, supra; but, again, the question of significant contacts is immaterial when the forum state has the shorter limitation period.
The motion for summary judgment is granted.
Beach, J.