### The CHARTER OAK FIRE INSURANCE CO., Plaintiff,

### v.

### BROAN NUTONE, LLC, Defendant.

### No. 03–2989–D/An.

United States District Court, W.D. Tennessee, Western Division.

Dec. 14, 2004.

Brian P. Henry, Tedford & Henry, Hartford, CT, for Plaintiff.

Edward M. Bearman, Esq., Branson & Bearman, Memphis, TN, Joseph Bree Burns, Putnam Hutchinson Perry, Rome McGuigan Sabanosh, Hartford, CT, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

DONALD, District Judge.

Before the Court is the motion Broan Nutone LLC ("Defendant") to dismiss the complaint of The Charter Oak Fire Insurance Company ("Plaintiff"). In the alternative, Defendant moves for summary judgment. Defendant asserts that the Court should dismiss Plaintiff's claim be-

cause it is barred by the Tennessee statute of repose for product liability claims. For the following reasons, the Court denies Defendant's motion to dismiss, or in the alternative, for summary judgment.

## I. FACTUAL/PROCEDURAL BACK-GROUND

The instant lawsuit stems from a fire which occurred on February 1, 2002, in an office building occupied by the Memphis Convention and Visitors Bureau. Prior to filing the instant action, in July 2002, Travelers Property and Casualty Corporation ("Travelers"),[1] the insurer of the building, notified Defendant that it planned to perform destructive testing on a fan manufactured by Defendant which was recovered from the fire. In response to Travelers' proposed testing, Defendant filed a complaint for declaratory and injunctive relief in the Tennessee Chancery Court of Shelby County, asking the court to: 1) enjoin Travelers from performing destructive testing until the parties agreed to a protocol for such tests; and 2) declare that Defendant's fan was not the cause of the fire at the Memphis Convention and Visitors Bureau.

On August 5, 2003, Travelers filed a lawsuit against Defendant in the Eastern District of Wisconsin, alleging that Defendant's fans caused ten separate fires in eight different states. Among the fires at issue in the lawsuit was the fire at the Memphis Convention and Visitors Bureau.

On August 8, 2002, Travelers removed the Tennessee state court action to the United States District Court for the Western District of Tennessee. Travelers then filed a motion to dismiss, or in the alternative, to transfer the case to the United States District Court for the Eastern District of Wisconsin. On October 9, 2002, the district court of Tennessee denied Travelers' motion to dismiss or to transfer the case to Wisconsin. On October 22, 2002, the Wisconsin district court severed and transferred Travelers' claim based on the fire in Memphis to the Tennessee district court.[2] Following the transfer, the United States District Court for the Western District of Tennessee consolidated Travelers' Wisconsin claim with Defendant's declaratory judgment action, which was pending in the district court of Tennessee.

Thereafter, Defendant in the instant action filed a motion to dismiss the consolidated cases based on Tennessee's 10–year statute of repose, Tenn.Code Ann. § 29–28–103, for product liability claims.[3] Before the district court ruled on the motion to dismiss, on April 23, 2003, the district court dismissed the case without prejudice based on the parties' joint stipulation of dismissal.

The next day, on April 24, 2003, Plaintiff filed the instant action in the United States District Court for the District of Connecticut. The complaint asserted the exact cause of action as that asserted in the previous Wisconsin and Tennessee lawsuits. Defendant moved, pursuant to 28 U.S.C. § 1404(a), to transfer the action to the United States District Court for the Western District of Tennessee. On December 4, 2003, the Connecticut district court granted Defendant's motion to trans-

---

1. Charter Oak Fire Insurance Company, the actual insurer of the building owner, is an affiliate of Travelers. Travelers eventually moved to have Charter Oak substituted as the real party in interest.

2. Travelers amended its complaint to substitute Charter Oak Insurance Company as the real party in interest after the transfer from Wisconsin to Tennessee.

3. It is undisputed that the fan at issue in the lawsuits arising from the Memphis fire was manufactured more than 10–years before the lawsuits were filed.

fer. Defendant then filed the instant motion to dismiss, or in the alternative, for summary judgment, asserting that the Tennessee statute of repose mandates dismissal of the action.

## II. LEGAL STANDARD

A party may bring a motion to dismiss for failure to state a claim under Rule 12(b)(6). This motion only tests whether the plaintiff has pleaded a cognizable claim. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. *See, e.g., Neitzke v. Williams,* 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Neitzke,* 490 U.S. at 326–27, 109 S.Ct. 1827; *Lewis v. ACB Bus. Services, Inc.,* 135 F.3d 389, 405 (6th Cir.1998). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas,* 537 F.2d 857, 858 (6th Cir.1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley,* 355 U.S. at 47, 78 S.Ct.

99; *Westlake,* 537 F.2d at 858. The plaintiff, however, has an obligation to allege the essential material facts of the case. *Scheid,* 859 F.2d at 436–37.

In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827; *In re Sofamor Danek Group, Inc.,* 123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.,* 948 F.2d 1037, 1039–40 (6th Cir.1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis,* 135 F.3d at 405–06.

If "matters outside the pleading are presented to and not excluded by the court, the motion [to dismiss] shall be treated as one for summary judgment and disposed of as provided for in Rule 56...." Fed. R.Civ.P. 12(b)(6). Courts may take judicial notice, however, of prior pleadings and proceedings when considering a motion to dismiss for failure to state a claim. *See* Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1364 (West 2004).

## III. ANALYSIS

Defendant asserts that this Court should dismiss Plaintiff's claim because it is barred by the Tennessee product liability statute of repose, Tenn.Code Ann. § 29–28–103. Before the Court can determine, however, whether the claim is barred pursuant to Tenn.Code Ann. § 29–28–103, the Court must first determine whether the law of the transferor court should apply, i.e. Connecticut law. Once the Court de-

termines which state's law should apply, the Court must then determine which state's statute of repose applies based on that state's choice-of-law rules.

A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits, including the state's choice-of-law rules. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) (determining that forum state's choice-of-law rules are substantive). When a lawsuit is transferred from one federal court to another pursuant to 28 U.S.C. § 1404(a), however, the transferee court should apply the substantive law, including the choice-of-law rules, that the transferor court would have applied. *Van Dusen v. Barrack,* 376 U.S. 612, 632–37, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). This rule is known as the *Van Dusen* rule. The purpose of the *Van Dusen* rule is to ensure that application of 28 U.S.C. § 1404(a) "does not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed." *Id.* at 638, 84 S.Ct. 805. Instead, "[a] change of venue under 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Id.* at 639, 84 S.Ct. 805. The *Van Dusen* Court stated, however, that, in holding that the law of the transferor court should generally be applied, it did "not and need not consider whether in all cases § 1404(a) would require the application of the law of the transferor, as opposed to the transferee, State." *Id.* The Court further noted that it did "not suggest that the application of transferor state law is free from constitutional limitations." *Id.* at 640, n. 41, 84 S.Ct. 805 (citing as examples *Watson v. Employers Liability Assurance Corp., Ltd.,* 348 U.S. 66, 75 S.Ct. 166, 99 L.Ed. 74 (1954); *Hughes v. Fetter,* 341 U.S. 609, 71 S.Ct. 980, 95 L.Ed. 1212 (1951); *Pacific Employers Ins. Co. v. Industrial Accident Comm'n, etc.,* 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); *Alaska Packers Assn. v. Industrial Accident Comm'n, etc.,* 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044 (1935); *Home Ins. Co. v. Dick,* 281 U.S. 397, 50 S.Ct. 338, 74 L.Ed. 926 (1930)).

Defendant asserts three arguments in opposition to the application of the *Van Dusen* rule: 1) application of the transferor's law would violate Defendant's constitutional rights; 2) application of the transferor's law would undermine the purpose of the *Van Dusen* rule; and 3) Defendant may renew its declaratory judgment action in the United States District Court for the Western District of Tennessee, and then consolidate the cases, in effect directing the application of Tennessee law. The Court finds that none of these arguments is persuasive.

First, neither the United States Supreme Court nor any United States Court of Appeals has made an exception to the *Van Dusen* rule. Although the *Van Dusen* Court determined that there might be instances when the *Van Dusen* rule should not be applied, this Court is unwilling, in the absence of binding precedent, to make an exception to the rule.[4]

Second, the purpose of *Van Dusen* is to prevent forum shopping by defendants seeking a more favorable forum by changing venue. In the instant action, it is

4. Defendant cites *Jenkins v. Armstrong World Industries, Inc.,* 643 F.Supp. 17, 21 (D.Idaho 1985), *vacated on other grounds, Meyer v. Armstrong World Industries, Inc.,* 820 F.2d 329 (9th Cir.1987), in support of its argument that this Court should create an exception to *Van Dusen.* Although the Court finds the analysis in *Jenkins* persuasive, the Court is unwilling to rely on the case, given that it is a decision from a district court not in this circuit.

clear that the law of Tennessee is more favorable to Defendant than the law of Connecticut. The Court recognizes that in cases such as this, application of the *Van Dusen* rule may be harsh. However, it appears that both parties in the instant action have engaged in forum shopping. Defendant filed a declaratory judgment action, asking the court to declare that Defendant's fan was not the cause of the fire. Courts, including Tennessee courts, disfavor the use of declaratory judgment proceedings by alleged tortfeasors to gain judgments of non-liability in tort actions. *See Tennessee Farmers Mut. Ins. Co. v. Hammond,* 200 Tenn. 106, 290 S.W.2d 860 (1956). Thus, Defendant's actions give the appearance that forum shopping, at least in part, motivated its commencement of the previous action. Likewise, Plaintiff admittedly dismissed the earlier action in the Tennessee district court so that it could re-file in another forum, Connecticut, which had more favorable laws. Accordingly, the Court finds that *Van Dusen* would not be undermined by its application in the instant action, given the conduct of both parties.

Finally, Defendant's assertion that it would reinstate its declaratory judgment action is likewise not a sufficient reason to disregard the explicit holding in *Van Dusen.* The Tennessee Declaratory Judgment Act is a remedial statute, designed "to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations...." *See* Tenn.Code Ann. § 24–14–113. The pendency of the instant action negates any uncertainty that Defendant may have as to its rights, status, or any other legal relation. Moreover, as noted *supra,* Tennessee does not favor the use of declaratory judgment proceedings by alleged tortfeasors to obtain judgments of non-liability. For the aforementioned reasons, the Court finds that *Van Dusen* applies. Accordingly, Connecticut's

choice-of-law rules apply, as it is the law of the transferor court.

■ Having determined that Connecticut's choice-of-law rules should apply, the Court must determine whether Tennessee's statute of repose applies. The Connecticut Supreme Court has held that "[i]t is undisputed that, as a principle of universal application, remedies and modes of procedure depend upon the *lex fori.*" *Thomas Iron Co. v. Ensign–Bickford Co.,* 131 Conn. 665, 42 A.2d 145, 146 (1945). In *Baxter v. Sturm, Ruger and Company, Inc.,* 230 Conn. 335, 644 A.2d 1297 (1994), the court held:

> that statutes of repose, like statutes of limitation, are neither substantive nor procedural per se for choice of law purposes. In any given case, the characterization of the applicable statute of repose depends on the nature of the underlying right that forms the basis of the lawsuit. If the right existed at common law, then the statute of repose is properly characterized as procedural because it functions only as a qualification on the remedy to enforce the preexisting right. If, however, the right is newly created by the statute, then the statute of repose is properly characterized as substantive because the period of repose is so integral a part of the cause of action "as to warrant saying that it qualifie[s] the right."

*Baxter,* 644 A.2d at 1302 (citations omitted). In applying the holding to the facts in *Baxter,* the court then determined that "in light of the common law origin of the law of products liability, ORS § 30.905(1) [the Oregon statute of repose] is procedural and the plaintiff's cause of action is not time-barred." *Id.*

*Baxter* cannot be distinguished from the instant action, given that Tennessee's product liability statute stems from a right

existing at common law. Section 29–28–103 of the Tennessee Code Annotated was enacted in 1978. Product liability claims, however, were viable common law causes of action in Tennessee prior to 1978. *See McCroskey v. Bryant Air Cond. Co.*, 524 S.W.2d 487, 491 (Tenn.1975). The product liability cause of action was not created, therefore, upon the passage of Tenn.Code Ann. § 29–28–103. Accordingly, pursuant to *Baxter,* the Tennessee statute of repose is characterized under Connecticut law as procedural because it functions only as a qualification on the remedy to enforce the preexisting right. *Baxter,* 644 A.2d at 1302. As such, a Connecticut court would apply its own statute of repose because Tennessee's statute of repose is deemed procedural in nature. Accordingly, Plaintiff's cause of action is not barred by Tennessee's 10–year statute of repose for product liability claims.[5]

## IV. CONCLUSION

The Court finds that Connecticut's choice-of-law rules apply. Accordingly, pursuant to Connecticut law, Tennessee's statute of repose does not apply to bar Plaintiff's cause of action. Accordingly, the Court **DENIES** Defendant's motion to dismiss, or in the alternative, for summary judgment.

---

5. Defendant also seeks an award of attorney fees and costs based on Plaintiff's initiation of this action. Based on the Court's determination that Plaintiff's action is not barred, the Court necessarily finds that such an award is not appropriate.